IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERUBY ABREGO, | ) | |
| | ) | Case No.: 23-cv-01740 |
| Plaintiff, | ) | |
| vs. | ) | Honorable Judge Steven C. Seeger |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COOK COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION FOR ENTRY OF ORDER IN LIEU OF ANSWER**

Defendant, Cook County, by its attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, and through Assistant State's Attorney David A. Adelman, pursuant to Federal Rule of Civil Procedure 8, respectfully replies to Plaintiff's Response ("Response") [Docket #23] to Cook County's Motion for Order in Lieu of Answer ("Motion") [Docket #22] and replies as follows:

**ARGUMENT**

I. **PLAINTIFF'S RESPONSE FAILED TO ADDRESS THAT THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY ARE SERVED BY ENTERING AN ORDER IN LIEU OF ANSWER.**

In its Motion, Defendant County argued that it serves the interests of justice and judicial economy for this Court to enter an order in lieu of answer from the County because, the only place in the Complaint Plaintiff asserts any liability for the County is in Count XII where the County is named for indemnification purposes only [Dkt. #1] and should therefore not be required to answer allegations lodged against other parties. Requiring an answer now would be premature and inappropriate. The County's presence in the pleadings is entirely premised on a final settlement or judgment against Defendant Judge Turano whom the Plaintiff claims the County is responsible for indemnifying. [Dkt. #1, Count XII, ¶¶212 and 213]. However, Plaintiff failed to address this

argument in its Response and has waived any opposition. Response, [Dkt. 23]. *See United Central Bank v. KMWC 845, LLC*, 800 F.3d 307, 310 (7th Cir. 2015)."

  **II.**  **ENTERING AN ORDER IN LIEU OF ANSWER IS A WELL-ACCEPTED PROCEDURE FOR A PARTY NAMED FOR INDEMNIFICATION PURPOSES ONLY CONTRARY TO PLAINTIFF'S RELIANCE ON THREE OUTLIER CASES.**

  *Cates v. Manning*, No. 19-cv-05248, 2020 WL 1863299, at *4 (N.D. Ill. Apr. 14, 2020), Plaintiff's main case against the County's Motion, is distinguishable from the present case. In *Cates*, the County <u>sought to be dismissed</u> because it was a non-essential party or, in the alternative, be exempt from responding to the Complaint and all discovery requests. *Cates v. Manning*, No. 19-cv-05248 (N.D. Ill. Oct. 7, 2019) (Motion to Dismiss, ECF 20 at 4-5). Unlike the defendants in that case, the County here does not argue that it should be dismissed based on a failure to state a claim for indemnification, nor is it trying to seek dismissal by claiming that it is a non-essential party. Rather, because as Plaintiff concedes, "…the County is named as a Defendant <u>because</u> it may be required to *indemnify* a judgment for Plaintiff and against the individual prosecutor Defendants in this matter" and "… the Plaintiff has named the County <u>because</u> it may be liable to pay a judgment entered against other Defendants." (Response [Docket #23] at ¶4,7) (emphasis added), it is appropriate for this Court to enter an order in lieu of answer as several other judges in this District have done.

  Plaintiff also relies on two recent outlier cases.[1] However, it is more common that such motions be granted. Courts in this district have routinely entered similar orders excusing Cook County from answering the complaint where Cook County is named as a defendant for indemnification purposes only. *See Wilson v. Administrator of the Estate of Former Chicago*

---

[1] *Gecht v. Guevara et al.*, No. 23-cv-01742 (N.D. Ill.) and *Rodriguez v. Guevara, et al.*, No. 1:22-cv-06141

*Police Department Commander Jon Burge*, No. 1:21-cv-03487, Dkt. No. 133 (N.D. Ill. March 4, 2022) (Judge Valderrama granting Cook County's motion for entry of order in lieu of answer, where County was named for indemnification purposes only); *Adamidis v. Cook County*, No. 1:19-cv-07652, Dkt. No. 18 (N.D. Ill. Feb. 10, 2020) (Judge Shah granting Cook County's motion for entry of order in lieu of answer, where County was named for indemnification purposes only); *Rios v. Guevara*, 1:22-cv-03973, Dkt. No. 41 (N.D. Ill. Nov. 22, 2022) (Judge Pacold granting Cook County's motion for entry of order in lieu of answer, where County was named for indemnification purposes only); *William Dukes v. Washburn,* No. 1:21-cv-03672, (Dkt. No. 80) (N.D. Ill. June 28, 2022) (Judge Rowland granting Cook County's motion for entry of order in lieu of answer, where County was named for indemnification purposes only); and *Young v. Cook County Department of Correction*, No. 15-cv-05697 (Dkt. No. 34,34-1) (N.D. Ill. Aug. 15, 2016) (Judge Chang granting Cook County's motion for entry of order in lieu of answer, where County was not named for liability purposes).

Similarly, where the Sheriff of Cook County has been named only for indemnification, both this court and other courts have routinely recognized he can be excused from answering and otherwise not be involved in the litigation due to his nominal party status. *See: Bogacz v. Beachem,* No. 22-cv-905, Dkt. No. 26 (N.D. Ill December 14, 2022) (Kennelly, J.); *Bogacz v. Doe Doctors,* No. 22-cv-1427, Dkt. No 15 (N.D. Ill September 15, 2022) (Kennelly, J.); *Winfield v. Cook County Department of Corrections*, No. 22-cv-03025, Dkt. No. 22 (N.D. Ill. December 29, 2022); *Royal v. Dart*, No. 21-cv-4770, Dkt. No. 22 (N.D. Ill. October 19, 2022) (Sheriff as nominal defendant to identify Correctional Officer and not required to answer); *Thomas Jr. v. Dart*, No. 21-cv-0727, Dkt. No. 31 (N.D. Ill. October 14, 2021); *Bobel v. Ledovra*, No. 18-cv-5475, Dkt. No. 17-18 (N.D. Ill. January 15, 2019); *Reveles v. Officer Haran, et al.* No. 20-cv-6400, Dkt. No. 16 (N.D. Ill April

3

8, 2021); *Mansoori v. Smith*, No. 21-cv-6242, Dkt. No. 20 (N.D. Ill September 16, 2022); *Mansoori v. Dart*, No. 22-cv-1638, Dkt. No. 13 (N.D. Ill November 18, 2022); *Brown v. Unknown Med Director*, No. 21-cv-5400, Dkt. No 28 (N.D. Ill July 25, 2022); *Nevarez v. Dart, et al.*, No. 19-cv-04786 (Dkt. No. 32) (N.D. Ill. Aug. 3, 2020); *Pinkney v. Transportation Officer, et al.*, No. 20-cv-00829 (Dkt. No. 25) (N.D. Ill. Sept. 16, 2020) (Judge Blakey granting Sheriff Thomas M. Dart's motion for entry of order in lieu of answer, where Sheriff was not named for liability purposes).

Thus, despite the outliers, it is more common than not when a party is named for indemnification purposes only a court will enter an order in lieu of answer.

### III. A Necessary Party Named as a Defendant for Only Indemnification Still Makes Cook County a Nominal Party That Should be Excused From Discovery Even Though It Remains a Defendant.

Plaintiff stated in his response that "Moreover, Plaintiff explained that he agrees that other than the issue of indemnification, there is no discovery to be obtained from the County in this case." Response [Dkt. #23], ¶10. Therefore, it is undisputed Defendant Cook County does not possess or control any documents related to the incident for which Plaintiff seeks to impose liability against the other defendants and that files, documents, evidence, etc. would require a third-party subpoena to be sent to the specific office possessing such information.

Being needed as a party for indemnification is different than being a party against whom there are allegations of direct liability and involvement. Cook County is in this action only for the purpose of indemnification, is acknowledged to not have documents regarding the underlying liability issues against the other defendants, and, therefore, is a nominal party that should not have any discovery obligations going forward. *See also: Jackson v. Kane County*, 2010 U.S. Dist. LEXIS 120700, *3 (in a §1983 case against the Sheriff of Kane County, Kane County conceded it was an indispensable party because of *Carver,* the Court held that county "will remain as a nominal

defendant for purposes of indemnification."); *Wallace v. Masterson*, 04-cv-1827, 345 F. Supp. 2d 917, 926-27 (N.D. Ill. Nov. 23, 2004)(Filip, J.)(granting Cook County's request that it not be subject to discovery where it was named in the lawsuit solely for purposes of indemnification) and *Perez-Garcia v. Village of Mundelein*, 396 F. Supp. 2d 907, 910 (N.D. Ill. February 7, 2005)(Conlon, J.)(stating that a party named as a nominal defendant only for the purpose of paying a potential judgment need not participate in discovery).

### IV. CONCLUSION

For the foregoing reasons, Defendant Cook County respectfully requests that this Honorable Court enter an order in lieu of answer to Plaintiff's complaint stating: 1) There is no basis for liability on the part of the County articulated in Plaintiff's Complaint; 2) the County remains in this case solely for the purpose of indemnification as alleged in Count XII of Plaintiff's Complaint and reserves all of its defenses with respect to Count XI; 3) the County is not obligated to answer or otherwise respond to Plaintiff's Complaint; 4) the County is excused from any discovery obligations, and 5) for such other and further relief as the Court deems necessary and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: /s/ *David A. Adelman*
David A. Adelman
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3151
David.adelman@cookcountyil.gov

5

**CERTIFICATE OF SERVICE**

    I, David A. Adelman, hereby certify that on <u>May 16, 2023</u>, I have caused a true and correct copy of **Defendant Cook County's Reply to Plaintiff's Response to Its Motion for Entry of Order in Lieu of Answer** be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

    */s/ David A. Adelman*
David A. Adelman
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3151
david.adelman@cookcountyil.gov