IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERUBY ABREGO, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>REYNALDO GUEVARA, GERI LYNN )<br>YANOW, as special administrator of the )<br>ESTATE OF ERNEST HALVORSEN, )<br>ANTHONY WOJCIK, DANIEL ENGEL, )<br>JEROME BOGUCKI, RAY SCHALK, )<br>FRANK CAPPITELLI,, the CITY OF )<br>CHICAGO, ANDREANA TURANO )<br>MICHIELS, and COOK COUNTY, )<br>    Defendants. ) | No. 23-cv-01740<br><br>Hon. Steven C. Seeger |

**TURANO'S REPLY IN SUPPORT OF HER MOTION TO DISMISS**

NOW COMES defendant, former Assistant State's Attorney and current Cook County Associate Judge ANDREANA TURANO ("Turano"), by and through her attorneys, Tribler Orpett & Meyer, P.C., and pursuant to Fed. Rule Civ. Pro. 12(b)(6) submits this reply in support of her Motion to Dismiss Plaintiff's First Amended Complaint. In support thereof, Defendants state the following:

**I.**     **THE COURT IS PERMITTED TO EXAMINE THE STATEMENTS OF JUAN PARRA AND JEREMIAH CAIN WHEN EVALUATING TURANO'S MOTION TO DISMISS.**

Plaintiff's Amended Complaint makes specific allegations regarding the contents of Juan Parra and Jeremiah Cain's statements to the police. See Dkt. #66, ¶ 49, 50, 51, 60, 61, 62. Plaintiff further alleges that the Defendant Officer's coerced said statements. *Id.* The contents of Parra and Cain's statement themselves are not subject to reasonable dispute. Rather, whether or not the Defendant Officers coerced said statements is in dispute. Defendant does not seek the Court to resolve a factual dispute by attaching said statements to her motion. "Documents

1

attached to a motion to dismiss are considered part of the pleadings if they are <u>referred to in the plaintiff's complaint and are central to his claim.</u> Such documents may be considered by a district court in ruling on the motion to dismiss." *188 LLC v. Trinity Industries, Inc.* 300 F.3d 730, 635 (7th Cir. 2002)(Quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994))(emphasis added). "[T]his is a narrow exception" to the general rule that when additional evidence is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 ... or exclude the documents attached to the motion to dismiss and continue under Rule 12." *118 LLC* 300 F.3d at 735 *(*quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir.1998)).

Plaintiff cannot assert allegations regarding the contents of a document and then cry foul when Defendant asks the Court to consider the entire document when analyzing Plaintiff's claims. Defendant Turano's reference to Parra and Cain's statement in her motion to dismiss is proper and based on applicable case law in this Circuit. This Court should reject Plaintiff's arguments that said statements should not be considered when evaluating this motion.

II. **THE COURT IS PERMITTED TO EXAMINE PLAINTIFF'S SWORN TRIAL TESTIMONY WHEN EVALUATING WHETHER PLAINTIFF'S ALLEGATIONS ARE WELL-PLED.**

Plaintiff accurately states the rule that the Court is to accept as true the *well-pled* facts of a complaint when ruling a Rule 12(b)(6) motion to dismiss. But Plaintiff's Amended Complaint is <u>not well-pled and directly refuted by Plaintiff's sworn trial testimony</u>. Plaintiff's Amended Complaint alleges that Turano was present during the alleged abuse and had knowledge thereof. Dkt. #66, ¶ 95-98. But Plaintiff himself testified otherwise. Plaintiff concedes he was alone with Wojcik whenever Wojcik allegedly struck him at the police station. Dkt. #94, p. 13, Ex. C, pp. 73-74, 77-78. Thus, there is no good faith basis to assert that Turano witnessed these alleged

beatings. Moreover, Plaintiff concedes that he never advised Turano of any alleged misconduct. Ex C, p 82, lines 9-11, p. 99, lines 15-24, and p.100, lines 1-7.

Plaintiff responds by claiming that Turano could have had knowledge of the alleged misconduct because she could observe Plaintiff's injuries and see that he had soiled himself. Dkt. #66, ¶ 98. But that too is not *well-pled*. Plaintiff's own trial testimony established that he did not soil himself while detained, but rather that he urinated on the floor. The pertinent part of Plaintiff testimony is as follows:

> Q: You peed on the floor because you didn't want to pee in your pants?
> A: Right. Yes.
> Q: And what happened when detective. Strike that. Did Detective Wojcik see this?
> A: Yes. He came in because I kept hollering you know, I want to use the washroom. No one come and let me out of the room.
> Q: When he came in and saw, what did he see?
> A: He seen urine on the floor.

Dkt. #70, Ex. C, p. 77, line 19 through p. 78, line 3.

Plaintiff cannot now claim that he in fact urinated on himself in his attempt to allege Turano had knowledge of the alleged abuse. Defendant Turano's "version of events" as Plaintiff calls it is *based on Plaintiff's own sworn testimony,* testimony referred to in Plaintiff's Complaint and as such is crucial to analyzing whether the allegations against Turano are well-pled. A court may consider extraneous documents for a motion to dismiss—without treating it as a motion for summary judgment—if the extraneous matters are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Venture Assocs. Corp. v. Zenith Data Sys. Corp*, 987 F.2d 429, 431-42 (7th Cir. 1993).

This is not a case where Plaintiff is pleading without the aid of discovery. Plaintiff has been litigating this case since 1999 and has already produced over 18,000 pages of transcripts, police reports, and documents in his initial disclosures. Moreover, counsel for Plaintiff

3

questioned Turano under oath at Plaintiff's criminal trial and had the opportunity to further question Turano under oath during his extensive post-conviction hearings. Plaintiff's inability to establish Turano's knowledge with the necessary level of plausibility without directly contradicting his own sworn testimony is quite telling.

As with the statements of Parra and Cain, Plaintiff interjected his trial testimony into the Amended Complaint in alleging that he testified "about the torture that he had endured." Dkt. #66, ¶ 123. Plaintiff's sworn trial testimony is not subject to reasonable dispute. Federal courts may also take notice of proceedings in other courts if the proceedings have a direct relation to matters at issue which they undoubtedly do here. *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)(Citing *St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir.1979); *Barrett v. Baylor*, 457 F.2d 119, 124 n. 2 (7th Cir.1972)). Defendant Turano is not asking this Court to take notice of any findings of fact from Plaintiff's criminal trial, but rather to examine Plaintiff's prior testimony to determine whether Plaintiff's Amended Complaint allegations are well-pled and entitled to the presumption of truth. Allegations which Turano fervently denies and are largely contradicted by Plaintiff's own words.

### III. TURANO IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY

A prosecutor "seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal quotations and citations omitted). Turano met that burden and demonstrated why immunity is justified for the function, i.e., memorializing a suspect's statement after probable cause exists to arrest said suspect.

Plaintiff's Amended Complaint allegations establish that probable cause existed to arrest Plaintiff prior to Defendant Turano's involvement. Both Parra and Cain gave statements

implicating Plaintiff in the shooting of Garcia and Lugo. Dkt. #66, ¶ 50, 60; Police found a handgun in Cain's bedroom that was later confirmed to be the murder weapon. Dkt. #66, ¶ 54-55. While Plaintiff alleges the Police Officer Defendants obtained Parra and Cain's statement through coercion, Plaintiff also alleges the Police Officer Defendants suppressed all of the circumstances of both statements. Dkt. #66, ¶ 46, 47, 51. 59, & 62. Plaintiff does not allege Turano knew of any alleged coercion used to secure these statements or that she was part of the alleged conspiracy between the Defendant Police Officers. Dkt. #66, ¶ 203-209.

Plaintiff points to *Kuri* for the proposition that defendants cannot manufacture their own probable cause. *Kuri v. City of Chicago,* 2017 WL 4882338 at 7 (N.D. Ill. Oct. 30, 2017). In *Kuri,* the defendant police officers pointed to evidence they claimed established probable cause that they themselves manufactured. *Id.* That is not the case here. Instead, Defendant relies upon certain allegations pled in Plaintiff's Amended Complaint. Plaintiff does not allege Turano participated in or knew of the alleged coercion of Parra or Cain. Dkt. #66, ¶ 46, 47, 51, 59, 61, and 62. Furthermore, as discussed above, Plaintiff's allegations regarding Turano's participating in or knowledge of the alleged abuse of Plaintiff are not well-pled and not entitled to the presumption of truth. See *supra* Section II.

It is undeniable that Turano, knowing that two individuals implicated Plaintiff in the Garcia murder, one of those individuals being found in possession of the murder weapon, with the alleged coercion of said individuals suppressed from her, had reason to believe that Plaintiff committed a crime. *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). When considering a prosecutor's function, a significant factor is whether probable cause to arrest plaintiff existed. *Hill v. Coppleson*, 627 F.3d 601, 605 (7th Cir. 2010) (Citing *Buckley,* 509 U.S. at 274). Once probable cause exists to arrest plaintiff, a prosecutor can consider herself to be an

5

advocate for the State. *Id*. When considering an immunity defense, a court should focus on the conduct for which immunity is claimed, not the harm that the conduct allegedly caused or the question of whether it was lawful. *Buckley v. Fitzsimmons,* 509 U.S. 259, 271 (1993). A prosecutor, in taking a court reporter statement from a criminal suspect so that his or her words are properly preserved for use at a later hearing or trial, is a clear prosecutorial function. *Kitchen v Burge*, 781 F.Supp. 2d 721, 730 (2011); *Andrews v. Burge*, 660 F. Supp. 2d 868, 878 (N.D. Ill. 2009).

Plaintiff's repeated allegation that Turano was acting in an investigatory capacity in taking Plaintiff's statement is a legal conclusion that is not entitled to the presumption of truth. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (A court is not required, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact); *Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002)(same). Similarly, Plaintiff's allegation that Turano acted before the existence of probable cause is a legal conclusion not entitled to the presumption of truth. *Id.*

Moreover, Plaintiff's argument that Turano, a prosecutor assigned to the felony review unit, was not aware of any prior statements by Plaintiff's co-defendants when reviewing charges against Plaintiff is patently absurd and not alleged in the Amended Complaint. While Plaintiff is entitled to all reasonable inferences, he is not entitled to all unreasonable inferences of fact and especially those not even alleged in the Amended Complaint. To claim that Turano had no knowledge of Plaintiff's co-defendants statements taken by fellow felony review assistants shortly before her involvement that directly implicate Plaintiff in the murder strains reason and Plaintiff's argument regarding same should be disregarded.

Furthermore, the fact that other current and former prosecutors facing claims of allegedly fabricating statements in different lawsuits have employed differing strategies in responding to a complaint is wholly irrelevant. As Plaintiff well knows, reversed conviction cases are highly fact-specific and defendants are entitled to defend themselves from such claims. Plaintiff's response asks the Court to step back and consider the implications of Turano's argument. This Court should also consider the implications of Plaintiff's argument. Plaintiff's Amended Complaint, not signed by Plaintiff, but instead signed by counsel, asserts allegations based upon alleged coerced statements by Cain and Parra and allegations by Plaintiff regarding alleged coercion. These statements are central to Plaintiff's Amended Complaint allegations and theory of liability, yet said statements by Cain and Parra and Plaintiff's sworn testimony were not attached to Plaintiff's Amended Complaint. Instead, Defendants provide the Court with complete unedited versions of the very statements by Parra and Cain and sworn testimony by Plaintiff referenced in Plaintiff's Amended Complaint.

Rather than welcome the introduction of complete unedited versions of said statements and testimony for the Court to examine, Plaintiff seeks to prevent the Court's examination. Plaintiff seeks the Court to strike and disregard said statements and testimony arguing whatever is pled in Plaintiff's Amended Complaint must be considered plausible and well-pled. Yet, that is for this Court to decide and not Plaintiff. Plaintiff should not be allowed to assert allegations in a pleading describing statements and/or testimony that are contrary to the very statements and testimony in which Plaintiff refers. Such allegations are not well-pled. Plaintiff should also not be permitted to proceed with discovery asserting allegations that are not well-pled against Turano. Indeed, Plaintiff already has ample discovery from the criminal case over the years. To allow Plaintiff to testify under oath to one version of events at his criminal trial and allow

Plaintiff to allege a different version of events in an unsworn pleading in this case would make a mockery of our judicial system. Contrary to Plaintiff's arguments, this Court is not required to ignore Plaintiff's earlier sworn statements. *Dye v Wargo,* 253 F.3d 296, 298 (7th Cir. 2001). Turano is entitled to absolute prosecutorial immunity and Plaintiff's Amended Complaint should be dismissed.

IV.     **ALTERNATIVLY, TURANO IS ENTITLED TO QUALIFIED IMMUNITY FOR PLAINTIFF'S CLAIM OF FAILURE TO INTERVENE**

Contrary to Plaintiff's argument, Turano has not invoked a generalized qualified immunity argument for all of Plaintiff's federal claims. Rather, Turano asserts that she is entitled to qualified immunity, at this stage, for only Plaintiff's failure to intervene claim in Count IV. As Plaintiff's response inadvertently highlights, it was not until the 7th Circuit's 2012 opinion in *Whitlock* that case law clearly established that prosecutors acting as investigators are subject to the same rules as police. *Whitlock v Brugeggemann,* 682 F.3d 567, 580 (7th Cir. 2012). Plaintiff attempts to muddy the waters by repeatedly stating it is unconstitutional for a prosecutor to participate in the fabrication or coercion of statements, a contention in which Turano does not contest nor raise in her motion to dismiss. But, that is not Plaintiff's claim in Count IV. In Count IV, Plaintiff alleges "one or more of the Police Officer Defendants and/or the Prosecutor Defendant stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the duty and the opportunity to do so." Dkt. #66, ¶ 198.

Turano cited to cases in this District holding that prior to 2012, a prosecutor's duty to intervene on police misconduct was not clearly established. See *Wilson v. Est. of Burge*, No. 21-CV-03487, 2023 WL 2750946, at *23 (N.D. Ill. Mar. 31, 2023); *Serrano v. Guevara*, 315 F. Supp. 3d 1026, 1038 (N.D. Ill. 2018); *Andrews v. Burge*, 660 F. Supp. 2d 868, 876 (N.D. Ill. 2009). Plaintiff responds by citing to several cases in which the Court found that a prosecutor

8

acting in an investigatory capacity prior to 2012 could be liable for failing to intervene to stop police misconduct. See. Dkt. #94, p. 18. Given the wide latitude of differing opinions by judges in this District, the only thing that is clearly established is that a prosecutor's duty to intervene in these circumstances was not clearly established prior to 2012. As such, Turano is entitled to qualified immunity as to Plaintiff claim of failure to intervene in Count IV. *Anderson v. Creighton*, 483 U.S. 640, 639-40 (1987)(right is clearly established when, at the time of the challenged conduct, the contours of a right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right.") As discussed above, Plaintiff's sworn testimony contradicts Plaintiff's Amended Complaint allegations that Turano knew of the alleged coerced and false confession or participated in such. Therefore, such allegations are not well-pled and a good faith basis for such is surely questionable. With the lack of any well-pled allegations Turano actually knew of the alleged misconduct, and the contours of her duty to intervene to prevent such misconduct not clearly established in 1999, this Court should dismiss Count IV against Turano with prejudice.

V.     **ALTERNATIVELY, COUNT IX SHOULD BE DISMISSED BECAUSE THERE IS NO SEPARATE CAUSE OF ACTION FOR WILLFUL AND WANTON CONDUCT AND PLAINTIFF HAS NOT ADEQUATELY PLED A CLAIM OF NEGLIGENCE**

Plaintiff acknowledges that there is no independent tort under Illinois law for "willful and wanton conduct," despite pressing such a claim in Count IX of his Complaint. Dkt. #94, p. 19. Instead, Plaintiff argues that what he meant to plead was a claim for aggravated negligence, which is recognized under Illinois law. *Id.* To plead such a claim, however, as Turano pointed out in her Motion and as Plaintiff acknowledges in his Response, a plaintiff must adequately plead the elements of a negligence claim, including that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the

9

plaintiff's injury. *Fletcher v. Bogucki*, No. 20-CV-04768, 2021 WL 4477968, at *7 (N.D. Ill. Sept. 30, 2021) (citing *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 19). Plaintiff argues such elements are adequately pled, but his Amended Complaint proves otherwise.

Here, Plaintiff has not pled an identifiable duty recognized under Illinois law. This exact issue arose in *Fletcher* where, as here, Plaintiff alleged a "willful and wanton" claim based on the defendants' "duty to refrain from willful and wanton conduct in connection with the Sorrell murder investigation." *Id*., at *8. The court held this alleged a negligence claim. *Id*. Plaintiff alleges even less than that alleged in *Fletcher*. Plaintiff here alleges Defendants "had a duty to refrain from willful and wanton conduct," "acted willfully and wantonly through a course of conduct that showed utter indifference to, or conscious disregard of, Plaintiff's rights," and that such conduct caused Plaintiff various types of injury. Ex. 1 at ¶¶ 196-98. As in *Fletcher*, the duty alleged is conclusory, vague and not recognized under Illinois law, such that the allegations are insufficient to state a claim even for negligence. Plaintiff's invocation of the phrase "willful and wanton conduct" does not state a claim. The failure to allege a duty recognized under Illinois law is fatal to his claim in Count IX against Turano and requires dismissal.

WHEREFORE, Defendant, former Assistant State's Attorney and current Cook County Associate Judge ANDREANA TURANO MICHIELS respectfully requests this Court dismiss the Complaint against her with prejudice and order any further relief this Court deems fair and just.

        Respectfully submitted,

        s/ William B. Oberts
        Special State's Attorney for
        defendant, Judge Andreana Turano

William B. Oberts - #6244723
Kevin C. Kirk -  # 6329937
Tribler Orpett & Meyer, P.C.
225 W. Washington St., Suite 2550
Chicago, IL 60606
(312) 201-6400
wboberts@tribler.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant Turano's Reply in Support of Motion to Dismiss was served upon:

| | |
|---|---|
| **Attorneys for Plaintiff**<br>Jonathan I. Loevy<br>Anand Swaminathan<br>Arthur R. Loevy<br>Carla Agbiro Linton<br>Renee Spence<br>Steven Edwards Art<br>Loevy & Loevy<br>311 N. Aberdeen 3rd FL<br>Chicago, IL 60607<br>(312)243−5900<br>jon@loevy.com<br>anand@loevy.com<br>arthur@loevy.com<br>agbiro@loevy.com<br>spence@loevy.com<br>steve@loevy.com<br><br>**Attorneys for Cook County**<br>Kelli Huntsman<br>Cook County State's Attorney's Office<br>Civil Actions Bureau<br>500 Richard J. Daley Center<br>Chicago, IL 60602<br>312−603−3151<br>kelli.huntsman@cookcountyil.gov<br><br>**Attorneys for Anthony Wojcik, Jerome Bogucki, Ray Schalk, Daniel Engel, Geri Lynn Yanow, Kevin Rogers**<br>James G. Sotos<br>Josh M. Engquist<br>Joseph M. Polick<br>Maurice Hunt<br>Thomas J. Sotos<br>Elizabeth R. Fleming<br>The Sotos Law Firm, P.C<br>141 W. Jackson Blvd., #1240A<br>Chicago, IL 60604<br>jsotos@jsotoslaw.com<br>Jengquist@jsotoslaw.com<br>jpolick@jsotoslaw.com<br>mhunt@jsotoslaw.com<br>efleming@jsotoslaw.com<br>tsotos@jsotoslaw.com | **Attorneys for defendant, City of Chicago**<br>Eileen E. Rosen<br>Andrew J. Grill<br>Austin G. Rahe<br>Catherine M. Barber<br>Jessica Zehner<br>Lauren M. Ferrise<br>Theresa B. Carney<br>Rock Fusco & Connelly LLC<br>321 N. CLARK STREET, SUITE 2200<br>Suite 2200<br>Chicago, IL 60654<br>312−494−1000<br>erosen@rfclaw.com<br>agrill@rfclaw.com<br>arahe@rfclaw.com<br>cbarber@rfclaw.com<br>jzehner@rfclaw.com<br>lferrise@rfclaw.com<br>tcarney@rfclaw.com<br><br>**Attorneys for Reynaldo Guevara**<br>Steven B. Borkan<br>Timothy P. Scahill<br>Graham P. Miller<br>Misha Itchhaporia<br>Emily E. Schnidt<br>Molly Boekeloo<br>Whitney Newton Hutchinson<br>Borkan & Scahill, Ltd.<br>20 S. Clark Street, Suite 1700<br>Chicago, IL 60603<br>(312) 580-1030<br>sborkan@borkanscahill.com<br>tscahill@borkanscahill.com<br>gmiller@borkanscahill.com<br>mitchhaporia@borkanscahill.com<br>whutchinson@borkanscahill.com<br>eschnidt@borkanscahill.com<br>mboekeloo@borkanscahill.com |

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 2550, Chicago, IL 60606, prior to 5:00 p.m. on the 2nd day of November, 2023, with proper postage prepaid.

s/ William B. Oberts<br>an Attorney