**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERUBY ABREGO, | ) | |
| | ) | No. 23 CV 1740 |
| *Plaintiff,* | ) | |
| *v.* | ) | Hon. Steven C. Seeger, |
| REYNALDO GUEVARA, *et al.*, | ) | District Judge |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

---

| | | |
|---|---|---|
| JEREMIAH CAIN, | ) | |
| | ) | No. 23 CV 14282 |
| *Plaintiff,* | ) | |
| *v.* | ) | Hon. Steven C. Seeger, |
| REYNALDO GUEVARA, *et al.*, | ) | District Judge |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF'S SUPPLEMENTAL STATEMENT IN SUPPORT
OF MOTION FOR ORDER AUTHORIZING RELEASE OF
DEFENDANT TURANO MICHIELS'S ARDC COMPLAINT HISTORY**

Plaintiff Eruby Abrego, by and through his attorneys, Loevy & Loevy, respectfully submits this supplemental statement in response to the Court's order. Dkt. 133. Plaintiff states as follows:

1.      Plaintiff filed his Motion for Order Authorizing Release of Defendant Turano Michiels's ARDC Complaint History on September 4, 2024. Dkt. 130.

2.      This Court ordered Plaintiff to file a supplemental statement to address two questions. Dkt. 133.

3.      The Court first asked if Plaintiff has any reason to believe that the ARDC investigated or disciplined attorney Michiels about the alleged incident in question, and if so, what the basis of that belief is. *Id.*

4. Plaintiff does not have any reason to believe the ARDC investigated or disciplined Defendant Turano Michiels about her misconduct alleged in Plaintiff's amended complaint. That said, the misconduct Defendant Turano Michiels is alleged to have committed would fall within the ARDC's oversight functions, and to the extent that the ARDC received complaints, investigated, or disciplined Defendant Turano Michiels relating to the incident in question, Plaintiff seeks access to those documents.

5. The Court next asked Plaintiff what his basis is for seeking disciplinary records, if any, for any incident that is unrelated to the conduct alleged in this case. *Id.*

6. Plaintiff responds that evidence of complaints, investigation, and discipline relating to other alleged misconduct by Defendant Turano Michiels during her career as a prosecutor may ultimately be admissible under Rule 404(b). *See United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (*en banc*) (Rule 404(b) "allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning"). In *Wilson v. City of Chicago*, the Seventh Circuit reversed a district court's decision to exclude at trial evidence of Chicago Police Officer Jon Burge's other acts of witness coercion, which were similar to the acts of witness coercion at issue in the case going to trial, holding that those other acts were admissible to show intent, opportunity, preparation, and plan, as well as to impeach Burge's denial that he had engaged in those acts. 6 F.3d 1233, 1238 (7th Cir. 1993). The same logic would apply for documents in the ARDC's possession relating to allegations of misconduct against Defendant Turano Michiels. Here the question is merely whether Plaintiff should be permitted discovery into whether documents exist under Rule 26; the question of admissibility can wait until later. Discovery of training and disciplinary records relating to police officers are

routinely discoverable in federal civil rights litigation, and the same should hold for prosecutors alleged to have acted as investigators alongside police.

7. Based on the foregoing, and for the reasons listed in Plaintiff's Motion for Order Authorizing Release of Defendant Turano Michiels's ARDC Complaint History, Dkt. 130, Plaintiff respectfully requests this Court grant his Motion.

<div style="margin-left: 40%;">

RESPECTFULLY SUBMITTED,

**ERUBY ABREGO**

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steven Art
Renee Spence
Alyssa Martinez
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
alyssa@loevy.com

</div>

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that I filed the foregoing document using the Court's CM/ECF system which affected service upon all counsel of record.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*