UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERUBY ABREGO, | ) |
| Plaintiff, | ) Case No. 23-cv-1740 |
| v. | ) Hon. Steven Seeger |
| REYNALDO GUEVARA, et. al., | ) |
| Defendants. | ) |

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made between Eruby Abrego ("Plaintiff") and Cook County ("Cook County").

1. Plaintiff and Cook County are referred to as the "Parties" in this Agreement.

2. The Parties hereby agree to settle and compromise the above-entitled action, *Eruby Abrego v. Reynaldo Guevara, et al.*, in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), under the terms and conditions set forth herein.

3. Plaintiff accepts the sum identified in paragraph 4, below, in full and complete satisfaction of all claims that have been brought, or may or may not be brought, against Cook County and Andreana Turano Michiels (collectively, the "County Defendants") under any legal theory, including any potential claims, in this Lawsuit, as outlined further below.

4. **Payment by the County Defendants**

    4.1 In consideration of this Agreement, the County Defendants will pay Plaintiff and his attorneys, Loevy & Loevy, $3,100,000 (three million, one-hundred thousand dollars) ("Settlement Amount").

4.2 The Settlement Amount referenced in paragraph 4.1 above shall be paid to the Plaintiff and Loevy & Loevy within ninety (90) days of the Parties' execution of this Agreement.

4.3 The Settlement Amount referenced in paragraph 4.1 above shall be allocated by the Plaintiff as follows: First, $3,000,000 (three million dollars) shall be allocated toward Plaintiff's injury of pretrial incarceration flowing from his Fourth Amendment malicious prosecution claim (damages suffered as the result of pretrial incarceration from the time of a judicial finding of probable cause to the start of the Plaintiff's criminal trial). Second, $100,000 (one-hundred thousand dollars) shall be allocated to 42 U.S.C. 1988 fees and costs incurred by the Plaintiff and his attorneys, Loevy & Loevy, solely in pursuit of claims against the County Defendants and which did not advance the claims against the City Defendants.

4.4 Regardless of how the Settlement Amount is allocated pursuant to paragraph 4.3 above, the Parties agree that payment of the Settlement Amount is intended to fully and completely resolve and release any and all claims that the Plaintiff has, or may have had, against the County Defendants, as set forth more fully in paragraph 7 of this Agreement.

4.5 If the allocation set out in paragraph 4.3 above is not approved by the Court or is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute, regulation, or ordinance, then paragraph 4.3 shall be void and the remainder of the Agreement shall not be affected thereby and shall remain valid and fully enforceable.

5. The Settlement Amount represents the entire amount of the compromise settlement, and the respective Parties will each bear their own costs, fees, and expenses.

6. This Agreement is not and shall not be construed as an admission by the County Defendants of the truth of any allegation or the validity of any claim asserted in this lawsuit or of the County Defendant's liability. Furthermore, none of the terms of the Agreement may be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Agreement, except for the proceeding described in Paragraph 13, below.

7. Plaintiff for himself, his heirs and personal representatives, fully and forever releases, acquits and discharges the County Defendants, any county agents or indemnitees, and any of their current or former employees, agents, or assigns whether in their official or individual capacities from any and all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional, federal law or state law violations against Plaintiff, and/or any taken, damaged, disposed of, or destroyed property, and any attorney's fees and costs accrued arising out of the Lawsuit, or any claim or suit which he, his heirs, assigns and legal representatives, may heretofore or hereafter have had by reason of said allegations, including, but not limited to, any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any taken, damaged, disposed of, or destroyed property claims, as well as any other such claims against the County Defendants, or any current or former employees or agents thereof, that may have been brought in connection with Plaintiff's arrest or prosecution or any incident involving the

County Defendants at any point prior to the execution date of this Agreement by the Parties. **This is a general release.**

8. Plaintiff represents and warrants that he is the sole and lawful owner of all rights, title, and interests in and to every claim and other matter which he purports to release herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify the County Defendants, any county agents or indemnitees, and any of their current or former employees, agents, or assigns whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein. Any fees and costs related to the filing or bringing of this Lawsuit are solely the responsibility of Plaintiff.

9. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. The Parties hereto acknowledge and agree, however, that this settlement is intended to compensate Plaintiff for constitutional claims for wrongful incarceration within the meaning of 26 U.S.C. § 139F, and/or personal physical injuries or physical sickness within the meaning of 26 U.S.C. § 104(a), and not for lost wages, profits, or other income arising out of or relating to the Lawsuit. Notwithstanding the foregoing, such claims arising out of or relating to the Lawsuit are fully and completely released hereby.

10. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.

11. This Agreement contains the entire agreement between the Parties. Plaintiff acknowledges and agrees that no promise or representation not contained in this agreement has been made

to him, and he acknowledges and represents that this Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation without further expense.

12. Plaintiff agrees to dismiss with prejudice and without fees and without costs any and all claims against the County Defendants arising out of the Lawsuit. The Plaintiff's voluntary dismissal of the County Defendants is in consideration for the Settlement Amount paid on behalf of the County Defendants in this case. The County Defendants will bear their own costs, fees, and expenses.

13. Within 10 (ten) days of signing of this Agreement, Plaintiff shall cause to be filed a motion for good-faith finding with respect to this Agreement in the Lawsuit.

14. If the Court finds that the Agreement was entered into by the Parties in good faith, within 7 (seven) days of such finding the Plaintiff will cause to be filed with the Court a Stipulation to Dismiss The County Defendants With Prejudice and Without Costs, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

15. This Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties, nor shall any provision hereof be waived other than by a written waiver, signed by the Parties.

16. This Agreement shall be binding upon and inure to the benefit of Plaintiff, County Defendants, and their respective heirs, executors, successors, assigns, and personal

representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

17. The provisions of this Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

18. This Agreement may be executed in multiple counterparts, each of which when combined will form one and the same documents.

19. Plaintiff acknowledges that he reviewed this document and acknowledges that he understands the contents thereof and has executed this Agreement of his own free act and deed. The undersigned represent that they are fully authorized to enter into and bind the Parties to this Agreement. Plaintiff further represents and warrants that he has not sold, assigned, or otherwise transferred any claims that are the subject of the releases set forth in this Agreement.

IN WITNESS THEREOF, the Parties have executed this Settlement Agreement and General Release effective this 2 day of Oct, 2024.

**AGREED TO AND ACCEPTED BY:**

For Plaintiff: *[signature]*

For Cook County:
Lyle K. Henretty *[Digitally signed by Lyle K. Henretty Date: 2024.10.04 13:27:19 -05'00']*

-6-