IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERUBY ABREGO, )<br>    *Plaintiff*, )<br>)<br>*v.* )<br>)<br>REYNALDO GUEVARA, *et al.*, )<br>    *Defendants.* )<br>)<br>) | | No. 23 CV 1740<br><br>Hon. Steven C. Seeger,<br>District Judge<br><br>Hon. Gabriel A. Fuentes,<br>Magistrate Judge |

| | | |
|---|---|---|
| JEREMIAH CAIN, )<br>    *Plaintiff*, )<br>)<br>*v.* )<br>)<br>REYNALDO GUEVARA, *et al.*, )<br>    *Defendants.* )<br>)<br>) | | No. 23 CV 14282<br><br>Hon. Steven C. Seeger,<br>District Judge<br><br>Hon. Gabriel A. Fuentes,<br>Magistrate Judge |

**PLAINTIFFS' MOTION TO COMPEL**
**THE COOK COUNTY STATE'S ATTORNEY'S OFFICE**

Plaintiffs Eruby Abrego and Jeremiah Cain, by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26(b) and 45(c)(2), move for an order compelling third party Cook County State's Attorney's Office to produce responsive LEADS information. In support of this motion, Plaintiffs state as follows:

**INTRODUCTION**

In 2001 and 2004, Plaintiffs were wrongfully convicted for the murder of Jose Garcia and the aggravated battery of Julio Lugo. For decades Plaintiffs asserted their innocence, and finally in 2022, Plaintiffs were exonerated. Following their

exonerations, Plaintiffs filed this lawsuit against the officers involved in the Garcia murder investigation and the City of Chicago for causing their wrongful convictions.

As part of this suit, Plaintiffs have alleged, in part, that the Defendant Officers caused them to be maliciously prosecuted and violated due process rights by suppressing exculpatory evidence. Key to both these claims is uncovering what information was provided to prosecutors at the beginning of and during Plaintiffs' prosecutions. Accordingly, Plaintiffs served subpoenas on the Cook County State's Attorney's Office (CCSAO) requesting all records relating to the criminal proceedings against Plaintiffs and their co-defendants. Plaintiffs' review of the CCSAO files showed that the CCSAO was withholding LEADS information— criminal records that are typically obtained for individual related to the prosecution, *e.g.* co-defendants, witnesses, and/or suspects. Significantly, Plaintiffs learned that the withheld LEADS information pertained to individuals who have not been identified in any documents as eyewitnesses or co-defendants, thereby suggesting that these individuals may be previously undisclosed alternative suspects and/or witnesses.

The CCSAO does not deny that the records are relevant but instead relies primarily on one state statute as a basis for withholding these pertinent records. However, courts have routinely held that LEADS data are not protected from disclosure under federal law and thus, the state statutory protection must give way to federal discovery rules. Plaintiffs now move to compel the CCSAO to produce the LEADS information in its possession.

**RELEVANT BACKGROUND**

On November 29, 2023, Plaintiff Eruby Abrego submitted a subpoena to the Cook County State Attorneys' Office ("CCSAO") requesting all records relating to the criminal proceedings against Plaintiff Abrego and his co-defendants. *See* Ex. A. On September 20, 2024, Plaintiff Jeremiah Cain submitted a similar subpoena. *See* Ex. B.

The CCSAO completed its rolling production on October 10, 2024. The production spanned about 24,000 pages. The production was accompanied by a 71-page privilege log. *See* Ex. C, D, & E (privilege logs for each production). The privilege logs show 20 separate entries for LEADS information. With one exception, the CCSAO invoked 20 Ill. Admin. Code § 1240.80(d), as justification to redact LEADS information. For one page range, the CCSAO also claimed additional, albeit irrelevant, authority to withhold LEADS data. *See* Ex. C at 38 (withhold LEADS information at CCSAO_020809-020815, based on 20 Ill. Admin. Code § 1240.80(d); 20 U.S.C. § 534, 28 C.F.R. § 20.20, 28 C.F.R. § 20.21, 28 C.F.R. § 20.30, and 28 C.F.R. § 20.33).

On January 21, 2025, and January 22, 2025, Plaintiffs served letters challenging, among other things, the improper withholding of LEADS information. *See* Ex. F (Abrego's Letter to the CCSAO). Plaintiffs have conferred with the CCSAO multiple times by email and video conference about this issue over the past few months. *See* Dkts. 173, 180, 184. As part of these conferrals, the CCSAO agreed to identify individuals whose LEADS information had been withheld. *See* Ex. G (list

3

of people whose LEADS information was withheld). Four of the individuals disclosed do not appear in the investigative file or the court files produced thus far. Nevertheless, despite the relevance of this information to this case, the CCSAO has maintained that it is not permitted to disclose LEADS information. During conferrals, the CCSAO cited an additional federal statute that did not appear on its privilege log: 34 U.S.C. § 10231.

## ARGUMENT

The CCSAO is wrong to withhold LEADS information from its production. This information is discoverable under Rules 26(b) and 45(c)(2), and as courts in this district have recognized time and again, neither Illinois regulations nor federal law prohibits the disclosure of this information pursuant to a subpoena in federal court. *Gonzalez v. Guevara*, No. 1:23-cv-14281, Dkt. 117 at 11-13 (N.D. Ill. Mar. 10, 2025); *Martinez v. Guevara*, No. 1:23-cv-01741, Dkt. 203 at 13-15 (N.D. Ill. Nov. 15, 2024); *Cruz v. Guevara*, No. 23-cv-04268, Dkt. 147, at *12 (N.D. Ill. Apr. 10, 2024); *Schaeffer v. City of Chicago*, 2020 WL 7395217, at *2 (N.D. Ill. Dec. 15, 2020); *Anderson v. City of Chicago*, 2019 WL 423144, at *3 (N.D. Ill. Feb. 4, 2019).

### I. The withheld LEADS information is relevant to this case.

The Supreme Court has instructed that the relevancy component of Rule 26(b)(1) should be construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

4

The criminal records contained in the withheld LEADS information are relevant to this case for at least two reasons. First, criminal history information can be used to impeach witness credibility under Federal Rule of Evidence 609. *Gonzalez*, No. 1:23-cv-14281, Dkt. 117 at 11 (N.D. Ill. Mar. 10, 2025); *Andersen v. City of Chicago*, 2019 WL 423144, at *3 (N.D. Ill. Feb. 4, 2019) ("as a general rule, criminal history may be used to impeach a witness's credibility").

Second, the LEADS information appears to contain information about undisclosed alternative suspects and/or witnesses. The CCSAO has disclosed a list of 13 individuals for whom they have pulled LEADS information. *See* Ex. G. Most of this list is comprised of individuals with known connections to Plaintiffs' prosecutions: co-defendants (Parra and Santiago), witnesses (Vasquez, Lugo, Marrero, and Hawkins), an alternative suspect (Rodriguez), and an individual who has knowledge of Defendants misconduct (Sierra[1]). The remaining four—Crummel, Toles, Lacy, and Bullock—do not appear in the investigative file or any of the court files produced thus far. Given the context, there is reason to believe that these individuals' criminal records were obtained because they were alternative suspects and/or witnesses. Information pertaining alternative suspects and witnesses is clearly relevant to Plaintiffs' claims, particularly to the extent it challenges Defendants' claim that there was probable cause to arrest and charge Plaintiffs.

---

[1] *See Sierra v. Guevara*, No. 1:18-cv-03029 (N.D. Ill.).

## II. No state regulations or federal law precludes the disclosure of LEADS information.

Courts have routinely found that LEADS information can be disclosed in federal matters and none of the statutes and regulations the CCSAO permit a different result.

The CCSAO primarily relies on Illinois regulation 20 Ill. Admin. Code § 1240.80(d), but this regulation does not prohibit the disclosure of relevant LEADS information for several reasons. First, state privileges do not control in a § 1983 case. When federal claims are at issue, as is the case here, a court is bound by federal law, not state privilege law. *See Bell v. Vill. of Streamwood*, 806 F. Supp. 2d 1052, 1055 (N.D. Ill. 2011); *Santiago v. City of Chicago*, 2023 WL 5096288, at *5 (N.D. Ill. Aug. 9, 2023). This is especially true when the application of state law would frustrate the aims of federal law. *See Santiago*, 2023 WL 5096288 at * 7 (citing *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1061, 1063 (7th Cir. 1981)). Although the CCSAO relies on 20 Ill. Admin. Code § 1240.80(d), there is no provision that applies these restrictions to federal civil discovery.

Second, the plain language of § 1240.80(d) also does not prohibit disclosure. The regulation says that "LEADS data shall not be disseminated to any individual or organization *that is not legally authorized to have access to the information*." (emphasis added). § 1240.80(d). A subpoena issued in federal court and a court order provides lawful access to requested information, so according to the plain text of the provision. *Gonzalez*, 2025 WL 755798, at *5.

6

Third, § 1240.80(d) refers to the dissemination of "LEADS data". The section defines "LEAD data" as "all data available through the LEADS computer." Such access is not being requested here. Plaintiffs are not seeking all available LEADS data, but rather specific LEADS information that was obtained in connection with their wrongful prosecutions. *See Gonzalez*, 2025 WL 755798, at *5 (finding that § 1240.80(d) did not apply because it "addresses criteria for obtaining full access to the LEADS system, which is not at issue here, where [p]laintiff seeks the production of specific LEADS data related to his case").

The CCSAO's reliance on federal statutes and regulations is similarly misplaced. The CCSAO cited two federal statutes and four federal regulations but none of these provisions prohibit the disclosure of relevant LEADS information. Simply put, each of the following federal provisions discuss data dissemination in other contexts. Plaintiffs discuss each federal provision in turn:

- 20 U.S.C. § 534 – This federal statute discusses the duties and responsibilities that the U.S. Attorney general has to acquire, collect, and preserve criminal records. It does not speak to whether local authorities, like the CCSAO, can disclose criminal investigation pursuant to a lawful subpoena. There is no basis for construing a statute directed at the U.S. Attorney General as restraining the ability for the CCSAO to disclose LEADS information.

- 28 C.F.R. § 20.20 – This federal regulation defines the applicability of other provisions, like 28 C.F.R. § 20.21, that require local authorities to develop a

7

plan for disseminating certain criminal records. This provision does not include any limitations or restrictions on the dissemination of criminal history information, so it cannot be used to prevent the CCSAO from disclosing LEADS information.

- 28 C.F.R. § 20.21 – This provision requires each state to develop operational procedures governing the dissemination of certain criminal records, and have their plan approved by the DOJ's Office of Justice Assistance, Research and Statistics. No provisions in 28 C.F.R. § 20.21 restrict the CCSAO's ability to disclose LEADS information under the circumstances presented here. To the contrary, 28 C.F.R. § 20.21(b)(3) allows the CCSAO to disseminate information to "individuals and agencies for any purpose authorized by . . . court rule, decision or order." A lawful subpoena or a court order meets this requirement.

- 28 C.F.R. § 20.30 and 20.33– These federal regulations apply to information obtained from the Interstate Identification Index ("III System") and Fingerprint Identification Records System ("FIRS"), not LEADS. Thus, these provisions cannot be used as a basis for withholding.

- 34 U.S.C. § 10231 – This provision refers to information that is obtained through systems that are supported by the Office of Justice Programs, not a state run system like LEADS. Further, with exception of prohibiting the dissemination of research and statistical information, this section does not speak to the specific conditions under which criminal histories can be

8

disclosed. So, like the other provisions discussed above, it does not provide the basis for withholding LEADS information.

## CONCLUSION

It is uncontested that the LEADS information is relevant and no rule prohibits this information from being disclosed. As such, Plaintiffs respectfully request this Court to order the CCSAO to produce the LEADS information it is withholding.

RESPECTFULLY SUBMITTED,

By: /s/ *Justin Hill*
*One of the attorneys for*
*Plaintiff Eruby Abrego*

Renee Spence
Steve Art
Anand Swaminathan
Madison Irene
Justin Hill
LOEVY & LOEVY
311 North Aberdeen Street,
Third Floor Chicago, IL 60607
(312) 243-5900
hill@loevy.com

/s/ *Kelsey Killion*
*One of the attorneys for*
*Plaintiff Jeremiah Cain*

Jennifer Bonjean
Ashley Cohen
Gabriella Orozco
Kelsey Killion
BONJEAN LAW GROUP
303 Van Brunt Street, 1st Fl
Brooklyn, NY 11231
Tel: 718.875.1850
Fax: 718.230.0582
Email: ashley@bonjeanlaw.com