AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Eruby Abrego ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:23-cv-1740 |
| Reynaldo Guevara et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cook County State's Attorney's Office - Attn: Jessica Scheller
69 W. Washington St. Chicago, IL 60602

*(Name of person to whom this subpoena is directed)*

☑ **Production:** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached rider.

| Place: Loevy & Loevy | Date and Time: |
|---|---|
| 311 N. Aberdeen St., 3rd Floor | |
| Chicago, IL 60607 | 12/13/2023 5:00 pm |

☐ **Inspection of Premises:** **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/29/2023

*CLERK OF COURT*

OR

_____     /s/ Steve Art
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Eruby Abrego , who issues or requests this subpoena, are:

Steve Art, Loevy & Loevy, 311 N. Aberdeen St, 3rd Floor, Chicago, IL 60607, 312-243-5900, steve@loevy.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-1737

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Cook County State's Attorney's Office - Attn: Jessica Scheller

on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows: via certified mail

on *(date)* 11/29/23 ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/29/23

/s/ Destinie Brooks
*Server's signature*

Destinie Brooks, Paralegal
*Printed name and title*

311 N. Aberdeen St.
3rd Floor
Chicago, IL 60607
*Server's address*

Additional information regarding attempted service, etc.:

*Abrego v. Guevara et al. ; 23 CV 1740*

# RIDER TO COOK COUNTY STATE'S ATTORNEY'S OFFICE

**I.  Definitions and Instructions**

1. This Subpoena, Rider, and all of the definitions and instructions that follow, relate to the above-captioned lawsuit, currently pending in the U.S. District Court for the Northern District of Illinois.

2. "You" and "your" shall refer to the Cook County State's Attorney Office, as well as any of its internal units or divisions, as well as its counsel, consultants, employees, representatives, agents, contractors, or any other person acting on its behalf.

3. "Identify" with respect to a person shall mean to provide that person's name, address, and telephone number. With respect to a document, "identify" shall mean to provide the date of the document, the author of the document, the subject matter of the document, and where applicable, all recipients of the document.

4. "Relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

5. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

6. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to correspondence, letters, emails, notes, bench notes, transcripts, recordings, text messages, and interactions via internet websites, instant messaging software, or social media.

7. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense, and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

8. The term "Document" shall have the broadest possible meaning under the local rules and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphical matter, regardless of how it is printed, stored, or reproduced, in your possession and/or control or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Document with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking, or notation of any character, is to be considered a separate document.

9. If there are no Documents in your possession, custody or control which are responsive to a particular request, so state in response to the request.

10. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

11. In the event that you claim a privilege regarding any of the information sought in this subpoena or rider, please provide a log stating the privilege claimed and providing sufficient information, including the number of pages, type of Document, and date of the Document, so that the claim of privilege may be properly adjudicated.

12. In the event that any Document requested has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of destruction or loss, the

identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

II.     **Documents to Be Produced**

1. All records, files, and Documents relating to the investigation, criminal prosecution, trial, appeals, post-conviction investigation and proceedings, and certificate of innocence proceedings in the case *People v. Eruby Abrego*, 99 CR 09739(02), including but not limited to:

    a) the complete trial file for the prosecution of Eruby Abrego;

    b) the felony review folder and all notes or records prepared or maintained by the felony review unit;

    c) an intact set of all police reports and other documents provided to the State's Attorney by the Chicago Police Department prior to the trial of Gamalier Rivera and any inventory or log of such documents;

    d) pleadings, motions, discovery requests, documents tendered in discovery and discovery receipts, subpoenas, subpoenas duces tecum, court orders, and correspondence;

    e) Chicago Police Department Investigative File Inventories;

    f) to the extent not already requested, all police reports in the possession of the State's Attorney's Office;

    g) photographs (including but not limited to line-up photos, photo arrays and crime scene photos);

    h) any statements of the defendant and all witnesses whether oral, handwritten, court reported, or audio and/or video recorded;

    i) all Cook County State's Attorney's Office investigators' notes, reports, and memoranda;

    j) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

    k) all communications with any attorney representing Eruby Abrego or any of that attorney's agents;

l) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

m) transcripts of court proceedings (including but not limited to status hearings, pre-trial motions, grand jury, plea, trial, sentencing, post-conviction, and certificate of innocence proceedings); and

n) any exhibits marked for identification and/or admitted into evidence and any evidence used or available for use at sentencing.

2. All records, files, and Documents relating to the investigation, criminal prosecution, trial, appeals, post-conviction investigation and proceedings, and certificate of innocence proceedings in the case *People v. Jeremiah Cain*, 99 CR 09739(03), including but not limited to:

a) the complete trial file for the prosecution of Jeremiah Cain;

b) the felony review folder and all notes or records prepared or maintained by the felony review unit;

c) an intact set of all police reports and other documents provided to the State's Attorney by the Chicago Police Department prior to the trial of Gamalier Rivera and any inventory or log of such documents;

d) pleadings, motions, discovery requests, documents tendered in discovery and discovery receipts, subpoenas, subpoenas duces tecum, court orders, and correspondence;

e) Chicago Police Department Investigative File Inventories;

f) to the extent not already requested, all police reports in the possession of the State's Attorney's Office;

g) photographs (including but not limited to line-up photos, photo arrays and crime scene photos);

h) any statements of the defendant and all witnesses whether oral, handwritten, court reported, or audio and/or video recorded;

i) all Cook County State's Attorney's Office investigators' notes, reports, and memoranda;

j) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

    k) all communications with any attorney representing Jeremiah Cain or any of that attorney's agents;

    l) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

    m) transcripts of court proceedings (including but not limited to status hearings, pre-trial motions, grand jury, plea, trial, sentencing, post-conviction, and certificate of innocence proceedings); and

    n) any exhibits marked for identification and/or admitted into evidence and any evidence used or available for use at sentencing.

3. All records, files, and Documents relating to the investigation, criminal prosecution, trial, appeals, post-conviction investigation and proceedings, and certificate of innocence proceedings in the case *People v. Nicasio Santiago*, 99 CR 09739(01), including but not limited to:

    a) the complete trial file for the prosecution of Nicasio Santiago;

    b) the felony review folder and all notes or records prepared or maintained by the felony review unit;

    c) an intact set of all police reports and other documents provided to the State's Attorney by the Chicago Police Department prior to the trial of Gamalier Rivera and any inventory or log of such documents;

    d) pleadings, motions, discovery requests, documents tendered in discovery and discovery receipts, subpoenas, subpoenas duces tecum, court orders, and correspondence;

    e) Chicago Police Department Investigative File Inventories;

    f) to the extent not already requested, all police reports in the possession of the State's Attorney's Office;

    g) photographs (including but not limited to line-up photos, photo arrays and crime scene photos);

    h) any statements of the defendant and all witnesses whether oral, handwritten, court reported, or audio and/or video recorded;

    i) all Cook County State's Attorney's Office investigators' notes, reports, and memoranda;

j) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

k) all communications with any attorney representing Nicasio Santiago or any of that attorney's agents;

l) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

m) transcripts of court proceedings (including but not limited to status hearings, pre-trial motions, grand jury, plea, trial, sentencing, post-conviction, and certificate of innocence proceedings); and

n) any exhibits marked for identification and/or admitted into evidence and any evidence used or available for use at sentencing.

4. All records, files, and Documents relating to the investigation, criminal prosecution, trial, appeals, post-conviction investigation and proceedings, and certificate of innocence proceedings in the case *People v. Juan Parra*, 99 CR 09739(04), including but not limited to:

a) the complete trial file for the prosecution of Juan Parra;

b) the felony review folder and all notes or records prepared or maintained by the felony review unit;

c) an intact set of all police reports and other documents provided to the State's Attorney by the Chicago Police Department prior to the trial of Gamalier Rivera and any inventory or log of such documents;

d) pleadings, motions, discovery requests, documents tendered in discovery and discovery receipts, subpoenas, subpoenas duces tecum, court orders, and correspondence;

e) Chicago Police Department Investigative File Inventories;

f) to the extent not already requested, all police reports in the possession of the State's Attorney's Office;

g) photographs (including but not limited to line-up photos, photo arrays and crime scene photos);

h) any statements of the defendant and all witnesses whether oral, handwritten, court reported, or audio and/or video recorded;

i) all Cook County State's Attorney's Office investigators' notes, reports, and memoranda;

j) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

k) all communications with any attorney representing Nicasio Santiago or any of that attorney's agents;

l) any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

m) transcripts of court proceedings (including but not limited to status hearings, pre-trial motions, grand jury, plea, trial, sentencing, post-conviction, and certificate of innocence proceedings); and

n) any exhibits marked for identification and/or admitted into evidence and any evidence used or available for use at sentencing.


5. All Communications from March 22, 1999 to March 20, 2023 between (a) any agents or employees of the City of Chicago, or any of Reynaldo Guevara, Ernest Halvorsen, Anthony Wojcik, Daniel Engel, Jerome Bogucki, Ray Schalk, and Frank Cappitelli or their agents, and (b) any employee or agent of the CCSAO relating to Eruby Abrego, Jeremiah Cain, Nicasio Santiago, and/or Juan Parra's criminal prosecutions, including their criminal trials, appeals, post-conviction proceedings, or certificate of innocence proceedings. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between any Assistant State's Attorneys and any attorneys for the City of Chicago or the individual Defendants. This request specifically excludes those communications protected by the common interest, joint defense, and/or other applicable privilege.