Case: 1:23-cv-01740 Document #: 188-2 Filed: 03/28/25 Page 1 of 6 PageID #:2843

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| Jeremiah Cain | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2023-CV-14282 |
| Anthony Wojcik, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cook County State's Attorney's Office, c/o Jessica Scheller, Civil Actions Bureau, Richard J. Daley Center, 50 W. Washington St., Room 500, Chicago, IL 60602

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Rider.

| Place: Bonjean Law Group, PLLC<br>53 W. Jackson Blvd., Ste. 315<br>Chicago, IL 60604 | Date and Time:<br>October 11, 2024 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/20/2024

*CLERK OF COURT*

OR

/s/ ASHLEY COHEN

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Ashley Cohen, 53 W. Jackson Blvd., Ste. 315, Chicago, IL 60604 , who issues or requests this subpoena, are:
ashley@bonjeanlaw.com, 718-875-1850

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2023-CV-14282

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print] [Save As...] [Add Attachment] [Reset]

Case: 1:23-cv-01740 Document #: 188-2 Filed: 03/28/25 Page 3 of 6 PageID #:2845

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Jeremiah Cain, v. Wojcik, et al.*
Case No.: 23-CV-14282

# SUBPOENA RIDER TO COOK COUNTY STATE'S ATTORNEY'S OFFICE
## RE: JEREMIAH CAIN

Any and all records, files, and documents relating to the investigation, grand jury, bond, *Gerstein,* Felony Review, habeas corpus petitions, criminal prosecution, trial, appeals, post-conviction investigation and proceedings, and certificate of innocence proceedings in the cases of:

**People v. Jeremiah Cain, Case No. 99 CR 9739(03), (Appellate Case No. 02-0241)**

including but not limited to:

1. Pleadings, motions, discovery requests, documents tendered in discovery and discovery receipts, subpoenas, subpoenas *duces tecum*, court orders, and correspondence;

2. Police reports;

3. Felony Review Notes, Case Folders, Felony Review Assignment Sheets, Felony Review Memos including those referred to as "murder memos";

4. Photographs (including but not limited to line-up photos, photo arrays and crime scene photos) and physical evidence relating to the investigation and prosecution;

5. Any statements of all the defendants and witnesses whether oral, handwritten, court reported, or audio and/or video recorded;

6. Any requests or protocols for the testing and/or analysis of DNA, fingerprints, blood and other bodily fluids, and any other materials or physical evidence, and any laboratory reports and test results relating to such testing and/or analysis;

7. All investigators' reports and notes;

8. Transcripts of court proceedings (including but not limited to status hearings, pretrial motions, grand jury, trial, post-conviction, and certificate of innocence proceedings);

9. All records, documents, and files compiled by the Conviction Integrity Unit of the State's Attorney's Office, including but not limited to investigators' reports and notes, evaluation memorandums, and reports and recommendations memorandums;

10. Any exhibits marked for identification and/or admitted into evidence, and any evidence used or available for use at trial, sentencing, post-conviction, or certificate of innocence proceedings;

11. All communications with any attorney representing **Jeremiah Cain;**

1

*Jeremiah Cain, v. Wojcik, et al.*
Case No.: 23-CV-14282

12. All of the records regarding the post-conviction and COI process including all communications with plaintiff **Jeremiah Cain** or his attorney;

13. Any and all communications, including but not limited to, written correspondence, memoranda, electronic mail, text messages, iMessages, and any recordings of communications, including voicemails, between any and all employees, agents, officers, advisors, or other representative of the Cook County State's Attorney's Office and any and all employees, agents, officers, advisors, director, member, manger, partner, friend, colleague, family member or other representative advocating on behalf of or for Jeremiah Cain relating to the criminal prosecution or post-conviction proceedings, including but not limited to certificate of innocence proceedings in the case of ***People v. Jeremiah Cain,*** **Case No. 99 CR 9739(03), (Appellate Case No. 02-0241).**

14. Any and all documents which memorialize or summarize any communications, including but not limited to written correspondence, memoranda, electronic mail, text messages, and iMessages, between any and all employees, agents, officers, advisors, or other representative of the Cook County State's Attorney's Office and any and all employees, agents, officers, advisors, director, member, manger, partner, friend, colleague, family members or other representative advocating on behalf of or for Jeremiah Cain relating to relating to the criminal prosecution or post-conviction proceedings, including but not limited to certificate of innocence proceedings in the cases of ***People v. Jeremiah Cain,*** **Case No. 99 CR 9739(03), (Appellate Case No. 02-0241).**

15. Any and all power points or other presentation materials used in any in-person meeting between any and all employees, agents, officers, advisors, or other representative of the Cook County State's Attorney's Office and any and all employees, agents, officers, advisors, director, member, manger, partner, friend, colleague, family members or other representative advocating on behalf of or for Jeremiah Cain relating to relating to the criminal prosecution or post-conviction proceedings, including but not limited to certificate of innocence proceedings in the cases of ***People v. Jeremiah Cain,*** **Case No. 99 CR 9739(03), (Appellate Case No. 02-0241).**

16. **"Blue Backs";**

17. **Witness or Potential Witness Interview Notes;**

18. **CRIMES Fact Sheet;**

19. **Disposition worksheet and PEN (or penitentiary) Letter;**

For any document requested for which you claim a privilege, please provide a privilege log, identifying or otherwise describing each document and the specific privilege under which you are claiming a right of non-disclosure.

2

*Jeremiah Cain, v. Wojcik, et al.*
Case No.: 23-CV-14282

3