

Renee Spence <spence@loevy.com>

# Abrego - Follow up on August 18 Rule 37.2 Conference

**Renee Spence** <spence@loevy.com>  Fri, Aug 22, 2025 at 8:00 AM
To: Andrew Grill <agrill@rfclaw.com>, Austin Rahe <arahe@rfclaw.com>, "Catherine M. Barber" <cbarber@rfclaw.com>, "Eileen E. Rosen" <erosen@rfclaw.com>, Jessica Zehner <jzehner@rfclaw.com>, Lauren Ferrise <lferrise@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Sabrina Scardamaglia <sscardamaglia@rfclaw.com>, Kara Hutson <khutson@rfclaw.com>, jkaraca@rfclaw.com, Jim Sotos <JSotos@jsotoslaw.com>, "Josh M. Engquist" <JEngquist@jsotoslaw.com>, "Joseph M. Polick" <jpolick@jsotoslaw.com>, "Elizabeth R. Fleming" <efleming@jsotoslaw.com>, "Thomas J. Sotos" <tsotos@jsotoslaw.com>, "Kyle T. Christie" <kchristie@jsotoslaw.com>, "Mark F. Smolens" <MSmolens@jsotoslaw.com>, Katelyn Salek <ksalek@jsotoslaw.com>, "Lauren E. Muhr" <lmuhr@jsotoslaw.com>, Tonet Ballard <tballard@jsotoslaw.com>, Valerie Stubbe <vstubbe@jsotoslaw.com>, "Olivia T. Raimondi" <oraimondi@jsotoslaw.com>, "Graham P. Miller" <gmiller@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Molly Boekeloo <mboekeloo@borkanscahill.com>, Steven Borkan <sborkan@borkanscahill.com>, Tim Scahill <tscahill@borkanscahill.com>, Whitney Newton Hutchinson <whutchinson@borkanscahill.com>, Andrea Checkai <ACheckai@borkanscahill.com>, Drew wycoff <dwycoff@borkanscahill.com>, Katherine Wilkie <kwilkie@borkanscahill.com>, Emily Schnidt <eschnidt@borkanscahill.com>, Elena Favela <elena@borkanscahill.com>, Liana Favela <kmercado@borkanscahill.com>, Wendy Chasteen <wendy@borkanscahill.com>, Kellie Voss <kellie@kmlltdlaw.com>, Christiane Murray <cmurray@borkanscahill.com>, Ashley Cohen <ashley@bonjeanlaw.com>, Jennifer Bonjean <jennifer@bonjeanlaw.com>, Gabriella Orozco <Gabriella@bonjeanlaw.com>, Sophia Moazed <Sophia@bonjeanlaw.com>, Josh Morrison <Josh@bonjeanlaw.com>
Cc: Steve Art <Steve@loevy.com>, Anand Swaminathan <anand@loevy.com>, Justin Hill <hill@loevy.com>, Ixsel Zavala <zavala@loevy.com>, Trinity Bias <bias@loevy.com>

Counsel,

Given Judge Fuentes' intention to recommend that discovery close on August 29, at the end of the parties' August 18 conference Plaintiff asked Defendants to get him their positions by this week so that any necessary motion to compel could be filed. Defendants stated they intended to provide a response this week. As of yet, Defendants have not sent any response. Plaintiff intends to file his motion on Monday and this confirming email will serve to represent that parties' positions. If I have inadvertently omitted information or incorrectly summarized an issue, please provide any additions or corrections in writing today.

During the conference the following issues were discussed:

**Discovery Extension**: The parties discussed extending discovery. Plaintiff Abrego stated he was fine with discovery closing on August 29, with possible agreement to a short extension limited only to following up on issues that may arise in Plaintiff Abrego's August 26 deposition. Defendants believe they need more time. Regarding *Monell*, the parties disagree about the meaning of Judge Seeger's minute order on phasing/bifurcating discovery.

**Contention Interrogatories**: Plaintiff followed up on his request for the parties to agree to supplement their contention interrogatories (including the City's responses to Interrogatory Nos. 10-11) before the close of discovery. Defendants stated that more discovery needs to be done and proposed supplementing their responses 14 days after the close of non-*Monell* fact discovery after a date has been set. As part of this proposal, Defendants stated they would not argue that Plaintiff had waived arguments about Defendants' contention interrogatory responses if Defendants supplemented after the close of non-*Monell* fact discovery. Plaintiff needed time to consider this proposal. Plaintiff now rejects this proposal. Consistent with the rules, Defendants should supplement their responses before the close of discovery: August 29. Please confirm by today if you will do so.

**Officer Defendants' discovery responses:** It appears that only Defendant Officers Engel, Schalk, and Yanow have provided responses thus far. Please provide responses by today for Officers Wojcik, Bogucki, and Rogers with the accompanying attestations.

**Depositions:** The parties reviewed the status of the following depositions:

- Nicasio Santiago - during the parties's June 13 conference, the parties agreed to schedule Santiago's deposition for August 20. At the conference, Defendants confirmed that Santiago had not been served. Plaintiff asked what efforts had been made to serve him. Defendants stated they would get more information about the efforts to get him

served and let Plaintiff know. No information has been provided and on August 21, counsel Fleming (at the end of the Nazarian deposition) confirmed that Santiago had not been served. The deposition did not go forward.

- Juan Parra - no party had served him,
- Wojcik - During the conference, Defendants confirmed that this deposition needed to be conducted remotely. On August 20, Defendants stated that this deposition needed to be rescheduled. Plaintiffs asked for specific information explaining why the deposition should be reset. Defendants have not responded, nor have Defendants filed a motion for a protective order. Plaintiffs will be going forward with Wojick's deposition on Monday, August 25.
- Eruby Abrego - confirmed for August 26.
- Cain - As of Monday's conference, the parties had not set a date. Cain then offered August 21 and the City stated it was unavailable.
- Antonio Vasquez - during the June 13 conference, the parties agreed to reserve August 27 for Mr. Vasquez's deposition. At the conference, Defendants had no information about whether Vasquez had been served. Defendants agreed to confirm if this deposition is going forward. Please provide this information.
- Judge Gallagher - confirmed for August 27. Defendants agreed to confirm if this deposition is in person. Please provide this information.
- Marc Kadish - confirmed for August 28.
- Karl Leondard - confirmed for August 29 (remote).
- Isidro Quinones - In July, Plaintiff confirmed that he was unable to serve Mr. Quinones for the agreed date of July 21. The deposition did not go forward. On July 25, Plaintiff asked counsel for a new date. On August 4, Defendants offered August 13. On August 7, Plaintiff stated that the date did not work for Plaintiff and asked if we could double up since the parties have depositions scheduled in this case for almost everyday after August 18. Defendants did not offer any new date.

**Tovar information:** The City stated it expected to have an affidavit from Tovar's nephew by this week. No affidavit has been provided. Plaintiff asked if the City was going to provide medical records, including an updated letter from the doctor. The City stated it was not agreeing to provide medical records and was not providing any additional information from a doctor. Plaintiff notes here that at the hearing on Plaintiff's motion to compel Tovar's deposition, the City said it hoped to get a more fulsome letter from Dr. Beyers about Tovar's condition that outlines some of the day-to-day struggles that Tovar has and outlines more of the cognitive impairment and specifics about the diagnosis of dementia. Now the City states it will not be providing any additional information from a medical professional. The City has not provided any authority showing that the nephew can establish that Tovar would be harmed by a deposition, which is the legal standard.

**Rule 30(b)(6) deposition:** Plaintiff again asked for information about whether the City had changed its policies, practices, training between 1999-2000 for Topics 1-13. The City reiterated its position that *Monell* is bifurcated (not, per the City's position, phased) and so no *Monell* discovery is happening and no 30(b)(6) preparation would occur in Abrego beyond what is being done in other cases. Plaintiff reminded the City that in previous conferences, the City stated that since it was already preparing those topics the City agreed to also look to see if there were any changes to the agreed topics between 1999-2000. The City agreed on Monday to look into this. Plaintiff also noted that aside from policies on polygraphs, interrogations, and FRU, the City has not provided policies relating to the Topics 1-13. The City agreed Plaintiff was entitled to policies.

**Rule 30(b)(6) topic re polygraphs**: Plaintiff followed up on the polygraph topic and explained again why this topic was relevant to claims against the individual Defendants, particularly since Tovar is purportedly unavailable. For a fulsome explanation of relevance, Plaintiff directed the City to his motion to compel Tovar's deposition. The City said it would get back to Plaintiff about its position.

**Policies responsive to Interrogatory No. 14**: During the conference Plaintiff again stated the City has not produced policies responsive to most of the topics listed in Interrogatory No. 14. The City agreed that Plaintiff was entitled to policies. Plaintiff noted that he had not seen any SOPs or special orders produced (aside from policies on polygraphs, interrogations, and FRU). Plaintiff noted that he has produced policies (Abrego 23066-23406) but the City has not confirmed if it agrees that those policies were in place in 1999. The City stated it would either produce policies or confirm that Plaintiff's production represented the policies in place in 1999.

**Plaintiff's request for Area 5 Mission Team** - In February 2025, Plaintiff made a written request for documents pertaining to the Area 5 Mission team, including but not limited to documents sufficient to identify who was on the Area 5 Mission Team in 1999; any documents authored by the 1999 Area 5 Mission Team pertaining to the Garcia Murder Investigation; policies, procedures, general orders, and memorandum relating to the Area 5 Mission team including the purpose of the team, team duties, and expectation; and any training materials provided to 1999 Area 5 Mission Team members. During the conference the City said it had no records responsive to this request. The City agreed to produce the no records response. No production has yet been made. Please produce the request and the no records response. Please also confirm that the City requested all the above identified categories of documents.

**Plaintiff's request for overtime requests**: In February 2025, Plaintiff made a written request for documents pertaining to requests for overtime, approval, and denials; the amount paid, to whom, and when; and the rate of overtime pay for any

work completed in relation to the Garcia Murder Investigation. This request included but was not limited to requests submitted by the Officer Defendants, paystubs, and payroll records. During the conference, the City said it had no responsive requests but noted that it only asked for Officer Smith's overtime records and the City did not receive any information for any request Smith may have made in 1999. Plaintiff stated that a request for Officer Smith's records did not cover Plaintiff's entire written request and again stated that Plaintiff was asking for any overtime requests submitted by any officer (not just Defendant Officers) for work conducted on the Garcia Murder Investigation. The City said it could not search by investigation, but could search by officer. Plaintiff directed the City to the cleared closed report which mostly listed all the officers involved. The City said it would provide information about this request.

**Plaintiff's requests for information about beat officers**: In February 2025, Plaintiff made a written request for documents sufficient to identify officers assigned to Beats 1716B, 1752, and 5511. In the City's May letter, the City stated it was "still investigating whether there are responsive documents related to [this] request" and that it had followed up on this request. At Monday's conference, the City had no information about what request had been submitted or if there were any responsive documents.

**Plaintiff's requests for arrest reports, criminal histories, and IR jackets for third parties**: Plaintiff followed up on this request and Plaintiff recent attempt to compromise on this request (see the arrest dates listed in Plaintiff's July 2025 letter). The City objected to the number of arrest dates listed and Plaintiff pointed out that most of the arrests related to violent crimes or drug involvement. In addition to potential impeachment value, the arrest reports may reveal the witnesses' gang involvement, which is a central issue in this case. Plaintiff also specifically stated that Torres' 1980s arrests were relevant given his testimony that he had multiple contacts with Guevara in the 1980s, during which time he helped Guevara frame people. Plaintiff also asked for follow up information about each of the individuals listed in his July letter. The City stated it would provide its position on this request.

Spence


**R. Spence**  (She/Her)



Office: (312) 243-5900

311 N Aberdeen St, Chicago, IL 60607

www.loevy.com