**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERUBY ABREGO,<br><br>Plaintiff,<br><br>v.<br><br>REYNALDO GUEVARA, GERI LYNN YANOW, as special administrator of the ESTATE OF ERNEST HALVORSEN, ANTHONY WOJCIK, DANIEL ENGEL, JEROME BOGUCKI, RAY SCHALK, FRANK CAPPITELLI, the CITY OF CHICAGO, ANDREANA TURANO, MICHIELS, and COOK COUNTY,<br><br>Defendants. | ) | Case No. 23 CV 1740<br><br>Honorable Judge Ronald A. Guzman<br><br>JURY TRIAL DEMANDED |

**DEFENDANT JEROME BOGUCKI'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Jerome Bogucki, by his attorneys, The Sotos Law Firm, P.C., answers to Plaintiff's First Set of Interrogatories as follows:

**Objections to Definitions and Instructions**

Defendant BOGUCKI objects to Plaintiff's definitions and instructions, as vague and ambiguous, over broad in scope, time, and subject matter, unduly burdensome, duplicative, and not provided for or required under FED. R. CIV. P. 34. Defendant BOGUCKI further states that the definitions expand the meaning of terms to include multiple entities, thoughts or concepts that do not allow for meaningful accurate response and multiply the breadth of each interrogatory exponentially. Defendant BOGUCKI further objects to Plaintiff's definitions and instructions as follows and incorporates all objections into each and every answer herein as though fully stated therein.

Defendant BOGUCKI objects to the Plaintiff's definition of "Defendant Officers" to the

extent that it is vague and ambiguous as to "Unknown Officers" and to the extent it requests information or documents protected by attorney-client and attorney work product privileges, information and documents of consulting and trial experts which are protected from disclosure under Fed. R. Civ. P. 26, and information and documents protected by any other applicable privilege or protection.

Defendant BOGUCKI objects to plaintiff's definition of "Garcia Murder Investigation" or "Investigation of the Garcia Murder" as vague and ambiguous in that it comingles investigative and prosecutorial functions, and over broad as to subject matter and time frame.

Defendant BOGUCKI objects to plaintiff's definition of "Investigator" on the same bases as he objects to the definition of the "Garcia Murder Investigation" because that definition is incorporated into plaintiff's definition of "Investigator." Defendant BOGUCKI further objects to the definition of "Investigator" as over broad and unduly burdensome because it requires him to possess knowledge of facts known to other witnesses and third parties and is vague as to the terms "materially" and "material," which are subjective in nature and open to varying interpretations.

Defendant BOGUCKI objects to Plaintiff's definition of "Exculpatory Evidence" to the extent that it sets up a construct ("favorable to" and "tends to show") that is subjective and open to varying reasonable interpretations.

Defendant BOGUCKI objects to the definition of "Complaint" as it is over broad as to the term "legal proceeding" and to the extent that it calls for information regarding various agents and third parties. Defendant BOGUCKI further objects and to the extent it requests information or documents protected by attorney-client and attorney work product privileges, information and documents of consulting and trial experts which are protected from disclosure

under Fed. R. Civ. P. 26, and information and documents protected by any other applicable privilege or protection.

Defendant BOGUCKI objects to the definition of "Identify" as it is over broad in scope as to subject matter and time frame, and unduly burdensome, especially under circumstances in which the information requested is equally available to Plaintiff or a matter of public record.

Defendant BOGUCKI objects to Plaintiff's definition of "Relate," "relating to," or "regarding" to the extent that it sets up a construct ("having any logical… connection with the stated subject matter") that is subjective and open to varying reasonable interpretations.

Defendant BOGUCKI objects to plaintiff's definition of the terms "you" to the extent that it requests information or documents protected by attorney-client and attorney work product privileges, information and documents or consulting and trial experts which are protected from disclosure under Fed. R. Civ. P. 26, and information and documents protected by any other applicable privilege or protection.

**INTERROGATORIES**

1. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:** Defendant Bogucki objects to this interrogatory as to the terms "any Document requested," as over broad as to time frame and scope, unduly burdensome, and not proportional to the needs of the case. Defendant Bogucki also objects to this interrogatory to the extent it requests information that is within the knowledge of other parties to this action or third parties.

Subject to and without waiving these objections, Defendant Bogucki states that he is unaware of any document relevant to the claims and defenses in this case that has been lost, discarded, or destroyed. Investigation continues.

2. Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:** Defendant Bogucki objects to the terms "categories of facts" and "competent to testify at trial" in this request as vague and ambiguous. Defendant Bogucki objects to the request that this interrogatory be answered "under oath" because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect under 28 U.S.C. §1746. Defendant Bogucki further objects to this interrogatory to the extent that it requests the home addresses of the individual defendant officers, other police personnel, or other city employees on the grounds that such information is irrelevant, not proportional to the needs of this case, and could pose a risk to them and/or their families. Defendant Bogucki also objects to this interrogatory to the extent that if it is answered by incorporating documents it requires Defendant Bogucki to possess knowledge of facts known to the witness beyond the information contained in the documents. Defendant Bogucki further objects to Plaintiff assuming "the substance of the witnesses' testimony is strictly limited to what is contained in such documents."

Subject to and without waiving these objections, Defendant Bogucki refers Plaintiff to the Parties Rule 26(a) disclosures and any and all documents produced by a Party or third party at any time during this litigation for names or persons who may have knowledge of facts pertaining to the claims and defenses in this action.

3. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, OPS, IPRA, COPA, intra- or inter- departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:** Defendant Bogucki objects that this interrogatory is vague and ambiguous as to the terms "dishonest behavior," "witness manipulation," "improper behavior during interrogations or interviews," and "use of improperly suggestive." Defendant Bogucki objects that this interrogatory is over broad in scope, time and subject matter, and unduly burdensome because it requests "all Complaints that have ever been made against you relating to your role as a law enforcement officer." Defendant Bogucki further objects that this interrogatory is not proportional to the needs of the case because it includes, for instance, motions to suppress or motions to quash evidence during criminal courts proceedings, which are routine. Defendant Bogucki objects to the request that this interrogatory be

answered "under oath" because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect under 28 U.S.C. §1746. Defendant Bogucki also objects that this interrogatory is seeking unreasonably cumulative and duplicative information that could be found in Defendant Bogucki's complaint register files, complaint register histories, and SPAR histories. These files, subject to the entry of a Confidentiality Order and subject to any applicable privileges, will be produced in this litigation.

Subject to and without waiving these objections, Defendant Bogucki does not recall all the complaints against him and states that any such legal complaints are in the public domain that is equally available to Plaintiff. Answering further, in addition to this case, Defendant Bogucki recalls the following lawsuits naming him as a defendant in his capacity as employee of the Chicago Police Department: *Fletcher v. Bogucki, et al.,* 20-cv-4768; *Jimenez v. Bougucki, et al.,* 09-cv-8081 and *Warfield v. Bogucki, et al.,* 05-cv-3712.

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:** Defendant Bogucki objects that this interrogatory is not proportional to the needs of the case in that it is unduly burdensome and overbroad because it is requesting "all criminal convictions of any party or witness." Defendant Bogucki objects that the criminal convictions of any party or witness is equally available to Plaintiff and his counsel. Defendant Bogucki further objects that this request is unduly burdensome and premature because it requests "the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609." Defendant Bogucki will identify criminal convictions in his pretrial order in accordance with the Federal Rules of Civil Procedure.

Defendant Bogucki answers, subject to his objections, that if and when a party's or witness' criminal history is determined relevant to this case, such information will be tendered to Plaintiff.

5. Do you contend that Plaintiff Eruby Abrego murdered Jose Garcia? If so, please provide the complete factual basis for your contention, and identify all witnesses or physical, documentary, or testimonial evidence that supports Your contention.

**ANSWER:** Defendant Bogucki objects to this Interrogatory because it is a premature contention Interrogatory that asks for "a complete factual basis…identi[ty of] all witnesses, or physical, documentary, or testimonial evidence that supports [Defendant Bogucki's] contention," prior to any depositions being taken or the completion of gathering discovery. *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, No. 18 C 864, 2019 WL 6498081, at *6 (N.D. Ill. Dec. 3, 2019).

Subject to and without waiving these objections, Defendant Bogucki states that he was not present during the commission of the Garcia murder, and thus, does not have personal knowledge of the identities of the person(s) who committed that crime. Answering further Defendant Bogucki directs Plaintiff generally to the documentation and evidence that supports Eruby Abrego committed the murder of Jose Garcia, including, but not limited to the witness identifications of Eruby Abrego as the man who murdered Jose Garcia, third-party witness statements, police reports, witness testimony, physical evidence and the decision of a jury to convict Eruby Abrego of the murder of Jose Garcia. Investigations continues.

6. Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which you contend that probable cause existed at the time of Plaintiff's arrest, charging, indictment, and criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:** Defendant Bogucki objects that this is a premature contention Interrogatory that asks for Defendant Bogucki's "position," and for his "complete factual basis," prior to any depositions being taken or the completion of gathering facts, information, evidence, and documents. *In re Dealer Management Systems Antitrust Litigation*, MDL No. 2817, No. 18 C 864, 2019 WL 6498081, at *6 (N.D. Ill. Dec. 3, 2019). Defendant Bogucki further objects that the determination as to if there is sufficient probable cause to formally charge, indict, and prosecute is at the discretion of the Cook County State's Attorney's Office and is not in the purview of the Officer Defendant.

Subject to and without waiving these objections, Defendant Bogucki answers that probable cause existed to support the arrest, charging, indictment, and prosecution of Eruby Abrego for the murder of Jose Garcia, based in part, on witness identifications, witness statements and physical evidence reflected in the records exchanged between the parties pursuant to Fed. R. Civ. P. 26(a)(1) (RFC-Abrego 1-325), as well as the materials exchanged in discovery and gathered from third parties (SDT-CCDOC 1-23; SDT-IDOC 1-346). Investigation continues.

7. Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Garcia Murder—including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identification of Plaintiff in any Identification Procedures, the interrogation of Plaintiff, and the arrest and charging of Plaintiff— and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference.

**ANSWER:** Defendant Bogucki objects to this Interrogatory as vague as to the terms "initial investigation," and "subsequent investigation," and ambiguous as to the terms "activity," "action," and "sum total of your participation." Defendant Bogucki objects to this Interrogatory because it is overbroad in scope by requesting "each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. . .up to and including present day." Defendant Bogucki objects to the request that this interrogatory be answered "under oath" because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect under 28 U.S.C. §1746.

Subject to and without waiving these objections, Defendant Bogucki directs Plaintiff to the Permanent Retention File (RFC-Abrego 000001-000052) and

Investigative File (RFC-Abrego 000053-000325) that shows Defendant Bogucki role in this investigation.

8. Under oath, please identify the substance of all Communications that you have had about any of the allegations, events, or circumstances described in Plaintiffs' Complaint and/or relating to the Garcia Murder Investigation, including with any suspect (including Plaintiffs), actual witness, or potential witness, or the witnesses identified on the parties' Rule 26(a)(1) Disclosures. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:** Defendant Bogucki objects to this Interrogatory because it is overbroad in scope by requesting "all Communications" and time by defining the "Garcia Murder Investigation. . . shall mean any actions taken by any Investigator. . .up to and including the present day." Defendant Bogucki objects to the term "potential witness" as vague and ambiguous. Defendant Bogucki objects to the request that this interrogatory be answered "under oath" because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect under 28 U.S.C. §1746. Defendant Bogucki further objects that this Interrogatory requests communications protected by the attorney-client privilege, attorney work product, or any other statutory or common law privilege.

Subject to and without waiving these objections, Defendant Bogucki answers that the investigation occurred more than 24 years ago, and that he does not recall all communications he had, but in the normal course of an investigation, Defendant Bogucki may have communicated with police officers and staff with regard to the investigation. Answering further, Defendant Bogucki directs Plaintiff to the documents previously disclosed in this case, including the Permanent Retention File (RFC-Abrego 000001-000052) and Investigative File (RFC-Abrego 000053-000325) which identifies or indicates communications Defendant Bogucki had related to the Garcia Murder Investigation. Investigation Continues.

9. Are you aware of any Communications between law enforcement officers (including yourself) with witnesses during the Garcia Murder Investigation that either: (a) were not memorialized at all in police reports that have been produced in this litigation, or (b) were memorialized in such a way that material, significant, and/or important statements made by any of the participants in the Communication were omitted from police reports that have been produced in this litigation? If so, please identify the substance of all such Communications, including (a) state with particularity the substance of the Communication that was not memorialized; (b) identify everyone involved in the Communication; (c) and provide the date of the Communication.

**ANSWER:** Defendant Bogucki objects to this Interrogatory as overbroad in scope as to the term "any Communications" and time by defining the "Garcia Murder Investigation. . . shall mean any actions taken by any Investigator. . .up to and including the present day." Defendant Bogucki objects as vague and ambiguous to the terms "between law enforcement officers (including yourself) with witnesses" and "memorialized in such a way that material statements made by any of the participants in the Communication were omitted from police reports." Defendant Bogucki further objects that this Interrogatory requests communications protected by the attorney-client privilege, attorney work product, or any other statutory or common law privilege.

Subject to and without waiving these objections, Defendant Bogucki answers that the investigation occurred more than 24 years ago, and, at this time, he does not recall any material communications that he participated in during the Garcia Murder Investigation that were not memorialized in police reports. Investigation continues.

10. Under oath, please identify every Communication that you had during the course of the Garcia Murder Investigation, with any Current or Former Individual Defendant; any forensic, DNA, laboratory or evidence analysts, agents, or employees; or any employee or agent of the Chicago Police Department, Cook County State's Attorney's Office, or any other governmental prosecution or law enforcement authority that had any involvement of any kind in the Garcia Murder Investigation. For each such Communication, please: (a) state with

particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

**ANSWER:** Defendant Bogucki objects to this Interrogatory as overbroad in scope and time as it defines "Garcia Murder Investigation. . . shall mean any actions taken by any Investigator. . .up to and including the present day" and request "every Communication that you had during the course of the Garcia Murder Investigation," and "any involvement of any kind." Defendant Bogucki objects to the terms "Current of Former Individual Defendant" and "any other governmental prosecution or law enforcement authority" as vague and ambiguous. Defendant Bogucki further objects that this Interrogatory requests communications protected by the attorney-client privilege, attorney work product, or any other statutory or common law privilege. Defendant Bogucki objects to the request that this interrogatory be answered "under oath" because unsworn declarations or verifications under penalty of perjury are permitted with like force and effect under 28 U.S.C. §1746.

Subject to and without waiving these objections, Defendant Bogucki directs Plaintiff to the documents previously disclosed in this case, including the Permanent Retention File (RFC-Abrego 000001-000052) and Investigative File (RFC-Abrego 000053-000325) which identifies or indicates communications Defendant Bogucki had related to the Garcia Murder Investigation. Investigation Continues.

11. Did you participate in any interrogation or questioning of Plaintiff, or were you aware that any such interrogations or questioning had taken place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of any interrogation or questioning of Plaintiff, including all actions that you took, the circumstances of that interrogation or questioning, and all other Persons who participated in that interrogation or questioning.

**ANSWER:** Defendant Bogucki directs Plaintiff to the documents previously disclosed in this case, including the Permanent Retention File (RFC-Abrego 000001-000052) and Investigative File (RFC-Abrego 000053-000325). Investigation Continues.

12. Did you participate in any Identification Procedure during the Garcia Murder Investigation, or were you aware that any such Identification Procedure had taken place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of the Identification Procedure(s), including a description of the kind of procedure (including whether it was a live line-up, photo array, live show-up, single photo procedure, gang book review, or other); all Persons who participated or observed; all statements made in connection with the procedure; the outcome of the procedure; whether any suggestion, tainting, or bias (intentional or unintentional) occurred during the procedure; and any actions that you took in connection with the procedure.

**ANSWER:** Defendant Bogucki objects to the scope of this Interrogatory by defining the "Garcia Murder Investigation. . . shall mean an actions taken by any Investigator. . .up to and including the present day." Defendant Bogucki objects to this Interrogatory as vague and ambiguous to the term "participate in" and "aware." Defendant Bogucki further objects that this Interrogatory requests communications protected by the attorney-client privilege.

Subject to and without waiving these objections, Defendant Bogucki directs Plaintiff to the documents previously disclosed in this case, including the Permanent Retention File (RFC-Abrego 000001-000052) and Investigative File (RFC-Abrego 000053-000325). Investigation Continues.

13. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:** Defendant Bogucki objects that this Interrogatory seeks information not relevant to any party's current claims or defenses. *Est. Of Cedell Wright v. Forgey*, No. 2:13-CV-333- WCL-JEM, 2016 WL 675817, at *3 (N.D. Ind. Feb. 19, 2016). Defendant Bogucki further objects that this Interrogatory seeks to cause him annoyance and embarrassment and inappropriately subjects him to particularly intrusive discovery on nothing more than Plaintiff's assertion that he is entitled to punitive damages. *Id.*; *Kemezy v. Pepters,* 79 F.3d, 34-36 (7th Cir. 1996). Defendant Bogucki further objects that this interrogatory is premature and overbroad in scope and time as it seeks asserts that would be exempt from a potential punitive damages award, and irrelevant as it seeks an income statement for five years before the filing of Plaintiff's Complaint.

14. Did you or any of the other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago or the Chicago Police Department, as you understand them, at any point during the Garcia Murder Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Individual Defendants or officers, or during any interactions with Plaintiff. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** Defendant Bogucki objects to this Interrogatory as vague and ambiguous to the phrase "acted inconsistently", and overbroad in scope in that it requests "any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago or the Chicago Police Department," "Person" as defined by Plaintiff for these Interrogatories, and time of the "Gracia Murder Investigation" as defined by Plaintiff for these interrogatories as "any actions taken by any Investigator…up to and including the present day." Defendant Bogucki further objects that this Interrogatory is not proportional to the needs of the case because it requests "any of the policies, customs, or practices." Defendant Bogucki is willing to confer with Plaintiff on this Interrogatory should Plaintiff agree to narrow this request according to the stated objections.

15. Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects in the investigation? If the answer to this

question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference.

**ANSWER:** No.

16. Prior to Plaintiff's exoneration, did you withhold from Plaintiff any Exculpatory Evidence of which you were aware? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:** Defendant Bogucki objects to this Interrogatory as overbroad in scope as to the term "Exculpatory Evidence," as defined by Plaintiff and because it asks him to make a legal conclusion about evidence in this litigation. Defendant Bogucki further objects to the imposition that he provide details sufficient for Plaintiff to serve supplementary discovery requests.

Defendant Boguucki answers that the investigation occurred more than 24 years ago, and that, at this time, he has no memory of withholding evidence from Plaintiff that would have shown Plaintiff was not guilty for the murder Garcia Murder.

17. For any affirmative defenses that you have asserted or will assert in this matter that rest upon a factual basis, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Plaintiff requests that you provide a detailed description of every factual basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts underlying your

defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:** Defendant Bogucki objects that this Interrogatory is a premature contention Interrogatory that asks for the "entire factual basis" of each affirmative defense Defendant Bogucki has "asserted or will assert" prior to any depositions being taken and the completion of document discovery. Defendant Bogucki further objects to this Interrogatory as overbroad and unduly burdensome because it requests "a detailed description of every factual basis on which the affirmative defense is asserted." Defendant Bogucki further objects that this Interrogatory requests information protected by the attorney-client privilege, attorney work product, or any other statutory or common law privilege.

Defendant Bogucki answers, subject to these objections, that he will supplement his response with material facts that support affirmative defenses at the completion of fact discovery.

Date: November 6, 2023

Respectfully submitted,

/s/ Josh M. Engquist
JOSH M. ENGQUIST, Atty No. 6242849
Special Assistant Corporation Counsel
*One of the Attorneys for Individual Defendants*

James G. Sotos
Josh M. Engquist
Jospeh M. Polick
Maurice C. Hunt
Elizabeth R. Fleming
Thomas J. Sotos
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
jengquist@jsotoslaw.com

**CERTIFICATE OF SERVICE**

I, Katelyn N. Salek, a non-attorney, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that a copy of the attached **Defendant Jerome Bogucki's Answers to Plaintiff's First Set of Interrogatories** was served upon the attorneys listed below via electronic mail at the electronic addresses listed below on **Monday, November 6, 2023.**

***Attorneys for Plaintiff:***
Jonathan I. Loevy
Anand Swaminathan
Arthur R. Loevy
Carla Agbiro Linton
Renee Spence
Steven E. Art
Loevy & Loevy
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
(312)243-5900
jon@loevy.com
anand@lovey.com
spence@loevy.com
agbiro@loevy.com
steve@loevy.com

***Attorneys for Defendant City of Chicago:***
Eileen Ellen Rosen
Andrew Joseph Grill
Austin Gordon Rahe
Catherine Macneil Barber
Jessica Zehner
Lauren M. Ferrise
Theresa Berousek Carney
Rock, Fusco & Connelly
333 West Wacker Drive
Ste 19th Floor
Chicago, IL 60606
312-494-1000
erosen@rfclaw.com
agrill@rfclaw.com
arahe@rfclaw.com
cbarber@rfclaw.com
jzehner@rfclaw.com
lferrise@rfclaw.com
tcarney@rfclaw.com

***Attorneys for Defendant Reynaldo Guevara:***
Steven Blair Borkan
Timothy P Scahill
Emily Erin Schnidt
Graham P. Miller
Misha Itchhaporia
Molly Boekeloo
Whitney Newton Hutchinson
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com
eschnidt@borkanscahill.com
gmiller@borkanscahill.com
mitchhaporia@borkanscahill.com
mboekeloo@borkanscahill.com
whutchinson@borkanscahill.com

***Attorneys for Cook County Defendants:***
Kelli Huntsman
Cook County State's Attorney's Office
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
312-603-3151
kelli.huntsman@cookcountyil.gov

***Attorneys for Defendant***
***Andreana Turano Michiels:***
William B. Oberts
Kevin Christopher Kirk
Tribler Orpett and Meyer, P.C.
225 West Washington Street
Suite 2550
Chicago, IL 60606
(312) 201-6400
wboberts@tribler.com
kckirk@tribler.com

/s/ Katelyn N. Salek
Katelyn N. Salek, Paralegal

**ATTESTATION**

I, Jerome Bugucki, affirm under penalty of perjury pursuant to 28 U.S. C. §1746 that the answers made in the forgoing document are true and correct to the best of my knowledge and belief.

Date: 11-2-23

Jerome Bogucki