**Exhibit E**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERUBY ABREGO | ) | Case No. 1:23-cv-01740 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Judge Steven C. Seeger |
| v. | ) | Mag. Judge Gabriel A. Fuentes |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## DEFENDANT CITY OF CHICAGO'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, City of Chicago ("City"), by and through its undersigned attorneys, and in response to Plaintiff's First Set of Interrogatories to Defendant City of Chicago, states as follows:

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The City adopts and incorporates herein by reference its objections to Plaintiff's definitions and instructions included within its response to Plaintiff's First Request to Produce Documents as fully set forth herein.

### INTERROGATORIES

1.    For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:**    Defendant City objects to this request as overly broad, unduly burdensome, and not proportional to the needs as of this case as it requests detailed information regarding any Document that has been "lost, discarded or destroyed" without any consideration of the value or relevance of the information contained in the unknown and unidentified Document.

1

**In addition, Defendant City objects to this interrogatory as inherently vague and ambiguous because documents that no longer exist may not be capable of identification. Further, Defendant City objects to the extent this interrogatory requests information that may be within the knowledge of other parties or third-party individuals. Further responding, Defendant City incorporates any objections that it may have to the underlying request for documents. Should Plaintiff contend that any specific relevant document has been lost, discarded or destroyed, the City will review Plaintiff's contention and provide an appropriate response. Subject to and without waiving these objections, Defendant City states that the information requested is currently unknown because discovery is in its early stages. Investigation continues.**

2. Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' mandatory discovery program disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**<u>ANSWER</u>: Defendant City objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case based on the definition of the word "Document" that precedes these requests. Defendant City objects to this interrogatory as overly broad, vague, and ambiguous as to "facts that relate to any of the claims or defenses in this action" and "categories of facts known," and including but not limited to the fact that Plaintiff's First Amended Complaint includes wide-ranging *Monell* claims spanning many years. A request to identify "all persons" who have knowledge of facts that relate "to any of the claims or defenses in this action" actually relates to 249 separate paragraphs, many of them containing multiple sentences or references to multiple individuals, and multiple events. Defendant City also objects to the second paragraph of this interrogatory as including an improper instruction and assumption. In addition, Defendant City objects to this request as it is not limited in time or scope and is therefore not proportional to the needs of this case. In addition, Defendant City objects to this interrogatory's request to be specifically answered "under oath" given that unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. § 1746. Defendant City also objects that the request for information related to persons not listed in the mandatory discovery program as overly broad, unduly burdensome, and not proportional to the needs of the case since the mandatory discovery program is no longer in effect. Defendant City also objects that this interrogatory exceeds the requirements of the Federal Rules of Civil Procedure by Plaintiff's suggestion that "in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly**

limited to what is contained in the Documents that you reference." Finally, Defendant City objects to the extent that this request seeks material relating to Plaintiff's *Monell* claims as they are premature given the Court order staggering *Monell* discovery. Subject to and without waiving these objections, Defendant City refers Plaintiff to the individuals identified in the Defendants' Joint Initial Rule 26(a)(1) Disclosures, and supplements thereto, as well as the disclosures of other parties, and all documents disclosed in this case that indicate an individual's name and involvement. Investigation continues.

3.     Under oath, please identify all Complaints that have ever been made against any of the Individual Officer Defendants relating to their roles as law enforcement officials (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, COPA, IPRA, OPS, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including any discipline imposed in connection with each Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:     Defendant City objects to this interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case as to "all Complaints that have ever been made" and "roles as law enforcement officials." Defendant City further objects that this request is not limited as to time or scope and is therefore not proportional to the needs of this case. Defendant City also objects because this interrogatory seeks irrelevant information pursuant to Rule 26(b)(1) since it seeks "complaints" based on subject matter having no connection to this case. Defendant City objects that this request seeks information that may be within the knowledge of other parties and not the City of Chicago. Defendant City objects to the request for information related to civil lawsuits as such information is equally available to Plaintiff and the public and the burden of identifying such information is substantially the same for Defendant City as Plaintiff. In addition, Defendant City objects to this interrogatory's request to be specifically answered "under oath" given that unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. § 1746. Furthermore, Defendant City objects to the demand that information not within the City's possession must be "investigate[d] and obtain[ed]" as this demand imposes a burden not contemplated by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Defendant City will produce each Defendant Officer's Complaint History, Personnel File, and Complaint Register Files upon entry of an appropriate confidentiality protective order. Investigation continues.**

4.     Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses in this action. For each such responsive conviction, identify:

(a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:** **Defendant City objects to this interrogatory as it is vague and ambiguous as to "relating to," not reasonably limited in time, and not proportional to the needs of the case, and to the extent that it seeks information protected by the work-product privilege. Defendant City further objects to this interrogatory as overly broad and unduly burdensome as to "any and all" because there have been many witnesses identified by the parties in their Rule 26(a)(1) Disclosures and elsewhere as having discoverable information with respect to the claims or defenses in this action and because the Plaintiff's First Amended Complaint includes wide-ranging *Monell* claims spanning many years. Defendant City also objects to this interrogatory to the extent it imposes burdens not authorized by the federal rules, including but not limited to Plaintiff's request for the City's theories as to a qualifying conviction under FRE 609. This interrogatory is also improper because it seeks information that is equally available to Plaintiff through public records. Further, Defendant City objects to this interrogatory on the grounds that it is premature as discovery has just begun and requests information which is beyond the scope of FRE 609. Subject to and without waiving these objections, Defendant City states it will disclose any criminal convictions it intends to use as evidence and those convictions will be identified in accordance with the FRCP and with the filing of the final pretrial order. Further answering, the City includes but is not limited to the convictions set forth in RFC-Abrego 216, 273 and 327. Investigation continues.**

5.      Does the City of Chicago contend that Plaintiff Abrego murdered Jose Garcia? If so, please provide the complete factual basis for your contention, and identify all witnesses or physical, documentary, or testimonial evidence that supports Your contention.

**ANSWER:** **Defendant City objects to this interrogatory on the grounds that it is a premature contention interrogatory as discovery has just begun, and the City has not been afforded the opportunity to collect all the facts. Defendant City further objects on the grounds that this interrogatory is vague, ambiguous, and seeks an unduly burdensome narrative better suited for deposition(s), and to the extent it seeks information protected by the attorney-client, attorney work-product, and/or joint defense privileges. Subject to and without waiving these objections, Defendant City states that it was not present for the murder and does not have personal knowledge regarding the identity of the person who committed the murder. The City further states that it relies principally and materially on the facts and evidence presented in the criminal prosecutions of that case, including but not limited to the statements, trial testimony, and/or police reports. Defendant City will also rely on any and all evidence produced in this case that suggests Plaintiff played a role in the murder, including circumstantial, testimonial, and impeachment evidence. Investigation continues.**

6.      Is the position of the City of Chicago that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which you contend that probable cause existed at the time

of Plaintiff's arrest, charging, indictment, and criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:** **Defendant City objects to the extent this interrogatory requests information that is within the knowledge or possession of other parties in the case and third-party individuals, specifically as it relates to the probable cause to support the charging, indictment, or prosecution for the Garcia murder, as those decisions were not made by members of the Chicago Police Department. The City further objects to this interrogatory on the grounds that it calls for a legal conclusion, that it is a premature contention interrogatory, that it is unduly burdensome and not proportional to the needs of the case in that it seeks a protracted narrative better suited for deposition(s), and that it seeks information protected by the attorney-client, attorney work-product, and/or joint defense/common interest privileges. Subject to and without waiving these objections, Defendant City states that it was not present for the murder and does not have personal knowledge regarding the identity of the person who committed the murder. The City further states that there was probable cause from the time of arrest through prosecution based on witness statements and identifications. The City further incorporates its answer to interrogatory no. 5 above, as if fully set forth herein. Investigation continues.**

7.     Please Identify each employee or agent of the City of Chicago who participated in any way in the Garcia Murder Investigation. For each person listed, please provide the dates of the Person's involvement in the investigation and describe the investigative tasks or other duties that he or she performed. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your knowledge of Persons who participated in the Garcia Murder Investigation is contained in the Documents that you reference.

**ANSWER:** **Defendant City objects to this interrogatory as it is vague and ambiguous based upon the definition of "Garcia Murder Investigation" that precedes this request as well as "participated in," which is also overly broad, unduly burdensome, and not proportional to the needs of this case. Further, Defendant City objects on the grounds that this interrogatory requests information that may be in the possession of other parties in the case and third-party individuals and not the City of Chicago. Finally, Defendant City objects to this interrogatory's request to be specifically answered under oath given that unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. § 1746. Subject to and without waiving these objections, Defendant City refers Plaintiff to the police personnel identified in the Defendants' Joint Initial Rule 26(a)(1) Disclosures, and any supplement thereto, as well as the disclosures of other parties and the documents referenced in response to those that identify their involvement. Defendant City also refers Plaintiff to any document produced in response to Plaintiff's First Requests for Production. Investigation continues.**

8.     Please Identify every Communication that any City of Chicago police officers have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to Plaintiff, each witness on the parties' Rule 26(a)(1) Disclosures, and any of the other Individual Defendants, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any suspect

or actual or potential witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:** **Defendant City objects to this interrogatory as it is overly broad, unduly burdensome, and not proportional to the needs of the case based upon the definition of "Communication" that precedes this request. Defendant City also objects to this interrogatory as it is overly broad and unduly burdensome as to "every Communication" and "any of the allegations, events, or circumstances described in Plaintiff's Complaint with any person," and therefore not proportional to the needs of this case. Moreover, this interrogatory is overly broad, unduly burdensome and not proportional to the needs of the case because Plaintiff's First Amended Complaint includes wide-ranging *Monell* claims spanning many years. A request to identify "every Communication" about "any of the allegations, events, or circumstances described in Plaintiff's Complaint with any person" actually relates to 170 separate paragraphs, many of them containing multiple sentences or references to multiple individuals, and multiple events. Additionally, to the extent this request is directed at Plaintiff's *Monell* claims, such a request is premature as the Court has staggered *Monell* discovery in this case. Further, Defendant City objects to this request as it is vague and ambiguous and seeks information that may be in the possession of other parties in the case and third-party individuals and not the City of Chicago. Moreover, Defendant City objects to this request on the grounds that it is unlimited in both time and scope, and that it seeks information that is protected by the attorney-client and work-product privileges. In addition, Defendant City objects to this interrogatory's request to be specifically answered "under oath" given that unsworn declarations or verifications under penalty of perjury are permitted with like force and effect pursuant to 28 U.S.C. § 1746. Finally, Defendant City objects to this interrogatory's request to specify that certain documents contain all of the information responsive to this interrogatory extends beyond the requirements contemplated by the Federal Rules of Civil Procedure with regard to answering interrogatories. Subject to and without waiving these objections, Defendant City refers Plaintiff to the communications referenced in the documents identified in Defendants' Joint Initial Rule 26(a)(1) Disclosures and any supplement thereto, as well as the disclosures of other parties and any and all documents produced by any party in this case.**

9.     Please Identify all Communications between Chicago Police Department enforcement officers with any suspect or actual or potential witnesses during the Garcia Murder Investigation that either: (a) were not memorialized at all in police reports that have been produced in this litigation, or (b) were memorialized in such a way that material statements made by any of the participants in the Communication were omitted from police reports that have been produced in this litigation. For each, please identify the substance of all such Communications, including (a) state with particularity the substance of the Communication that was not memorialized; (b) identify everyone involved in the Communication; (c) and provide the date of the Communication.

**ANSWER:** **Defendant City objects to this interrogatory as it is overly broad, unduly**

6

**burdensome, and not proportional to the needs of the case based upon the definition of "Communication" that precedes this request. Defendant City also objects to this interrogatory as it is overly broad and unduly burdensome as to "any suspect or actual or potential witness," and therefore not proportional to the needs of this case. Further, Defendant City objects to this request as it is vague and ambiguous and seeks information that may be in the possession of other parties in the case and third-party individuals and not the City of Chicago. Moreover, Defendant City objects to this request on the grounds that it is unlimited in both time and scope, and that it seeks information that is protected by the attorney-client and work-product privileges. Subject to and without waiving these objections, Defendant City refers Plaintiff to the communications referenced in the documents identified in Defendants' Joint Initial Rule 26(a)(1) Disclosures and any supplement thereto, as well as the disclosures of other parties and any and all documents produced by any party in this case. Investigation continues.**

10.     Please Identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. D-166198 and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date of Plaintiff's exoneration in July 2022; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction; and (h) every Gang Crime file associated with the Garcia Murder Investigation, including but not limited to investigative files, street files, and area files.

**ANSWER:     Defendant City objects to this interrogatory as it is vague, ambiguous, and overly broad as to the phrase "relating to the Garcia Murder Investigation or RD No. D-166198," "associated with the file," "Gang Crime file" (not defined by Plaintiff), and "street files" (not defined by Plaintiff). The City further objects as this interrogatory is not limited in time and scope and is thus not proportional to the needs of this case. Defendant City also objects that this interrogatory is unduly burdensome as it includes eight separate and discrete subparts (and multiple subparts with the subparts because it references "every Document") set out as one interrogatory in violation of Federal Rule of Civil Procedure 33. Further, this interrogatory is unduly burdensome and overly broad because thousands of documents have been produced in both criminal and civil litigations related to the Garcia murder, and this interrogatory is unduly burdensome by requesting the City to sort through those thousands of pages of documents to identify every single piece of paper that exists and determine when it was created and produced, by whom it was prepared, and by whom it was produced to. Finally, Defendant City objects to this interrogatory as it seeks information that may be within the knowledge of other parties or non-party individuals and not the City of Chicago, and that this is a premature contention interrogatory. Subject to and without waiving these objections, Defendant City refers Plaintiff to the documents produced by the Parties in this litigation related to RD No. D-166198.  Investigation continues.**

11.     Please Identify every location within the City of Chicago or the Chicago Police Department where any Document relating to the Garcia Murder Investigation or RD No. D-

166198 has ever been maintained or stored, including Gang Crime files. Please Identify by Bates Number or otherwise describe the Documents that were maintained or stored in each location, the period of time during which they were maintained or stored in each location, each Person who had access to the Documents in each location, and where the Documents were moved after being in each location. This request encompasses the period of time from the creation of each Document through the present.

**ANSWER:  Defendant City objects to this interrogatory as it is overly broad, unduly burdensome, and not limited in time and scope, and thus not proportional to the needs of the case as it requests detailed information regarding "every location within the City of Chicago or Chicago Police Department where any Document relating to the Garcia Murder Investigation or RD No. D-166198 has ever been" for a thirty-four-year time period. Defendant City further objects on the grounds that it is vague and ambiguous as to "every location," "maintained or stored," "access," as well as "Gang Crime files" (term not defined by Plaintiff). Finally, Defendant City objects to this interrogatory as it seeks information that may be within the knowledge of other parties or non-party individuals and not the City of Chicago. Subject to and without waiving these objections, Defendant City states that the information requested is currently unknown because discovery is in its early stages. Investigation continues.**

12.     Did any of the Individual Officer Defendants or any other Person involved in the Garcia Murder Investigation act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago or the Chicago Police Department at any time during the Garcia Murder Investigation, as described in Plaintiff's Complaint? This includes during any interactions between Individual Officer Defendants or officers, and during any interactions between the Individual Officer Defendants and Plaintiff. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER: Defendant City objects to this interrogatory as it is overly broad, vague, and unduly burdensome based upon the timeframe in which it contemplates: "at any time during the Garcia Murder Investigation, as described in Plaintiff's Complaint." This interrogatory is also vague and ambiguous as to phrase "acted inconsistently" and "any other person involved." In addition, this interrogatory is improper because it does not identify any specific action for which it seeks an answer relative to any specific officer. Subject to and without waiving these objections, Defendant City states that it is not presently aware of any act by any of the Defendant Officers which was inconsistent with any policies or practices of the Chicago Police Department during the investigation into the Garcia murder. Investigation continues.**

13.     Did any Person employee or agent of the City of Chicago withhold from Eruby Abrego any Exculpatory Evidence of which you were aware prior to his exoneration in July 2022. If your answer to this question is anything other than an unqualified "no," please describe each such piece of Exculpatory Evidence, and identify each Person who knew of that piece of Exculpatory Evidence and when.

**ANSWER:  Defendant City objects to this interrogatory as vague, overly broad, and unduly burdensome to the extent Plaintiff's definition of "Exculpatory Evidence" that precedes this request is not consistent with legal precedent defining the phrase. Defendant City further objects that this interrogatory is not limited in time or scope ("any Person, employee, or agent of the City of Chicago" and "prior to his exoneration in July 2022") and is thus not proportional to the needs of this case. The City also objects to the extent this interrogatory requests information that is within the knowledge or possession of other parties in the case or third-party individuals, and not the City of Chicago. Further, Defendant City objects to this interrogatory as premature at this stage of the litigation as discovery is just beginning. The City also objects because this interrogatory does not identify any specific piece of allegedly exculpatory evidence Plaintiff claims was withheld. Subject to and without waiving these objections, the City is not presently aware of any exculpatory evidence that was withheld from Plaintiff. Investigation continues.**

14.    Do you contend that the City of Chicago or the Chicago Police Department had a written policy, procedure, or training program in place during the Garcia Murder Investigation that applied to police officers, detectives, or investigators on any of the following subjects:

    a. The documentation and preservation of information learned during a homicide investigation. This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation. This request includes but is not limited to the City's 1982, 1983 and 1986 Special Orders, and any subsequent orders or directives through 1993, related to the street files  practice discussed in the *Jones v. City of Chicago* and *Palmer v. City of Chicago* cases.

    b. The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Chicago Police Department Detective Areas, including but not limited to so-called permanent retention/RD files, area files, investigative files, official files, unit files, street files, running files, and clipboard files. This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each  such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Chicago Police Department— such as the Records Division, the Evidence and Recovered Property Section, and the Police Documents Section of the Chicago Police Department—and the timing of such movements in homicide investigations.

    c. Responding to subpoenas from criminal defendants requesting all records concerning a homicide investigation, including policies, practices and customs for ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime, or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors. This request includes but is not limited to the departments or

personnel involved in processing such a subpoena request; the places within the Chicago Police Department from which documents, files, and information that would be produced in response to such a subpoena request; and the types of investigative documents that would be produced in response to such a subpoena request.

d.  Witness interrogations and interviews in homicide investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses. This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of Miranda warnings and waivers.

e.  The use and conduct of, documentation of, and supervision of identification procedures for actual or potential witnesses, such as show-ups, live/in person line-ups, photographic lineups/arrays, clothing line-ups, and single-photo identification procedures. This request includes but is not limited to the written and unwritten practices, procedures, customs, rules, and techniques for performing these identification procedures; inventorying of evidence resulting from an identification procedure; selection and use of live and photographic fillers; the minimum and maximum number of suspects and fillers; process for taking photographs used in a photo lineup; number of witnesses permitted to view a single lineup; instructions given to participants subject to identification procedures, including communication of information about suspects or defendants; any other communications with witnesses subject to identification procedures; documentation of identification procedures and their results (including selection of suspects, fillers, or no identification); and creation and preservation of documentation relating to any of the foregoing subjects.

f.  The use of gangbooks (i.e., albums/compilations of mugshots or other photos, also sometimes referred to as photobooks) and conduct of gangbook identification procedures in homicide investigations. This request includes but is not limited to the written and unwritten practices, procedures, customs, rules, and techniques for creating, selecting, or compiling photographs for inclusion in gangbooks, deciding what gangbooks to show witnesses, performing gangbook identifications, communication of information about suspects or defendants to witnesses who view gangbooks, any other communication with witnesses who view gangbooks, reports written in connection with gangbooks, documentation of gangbook identification procedures, documentation of the selection of a suspect by a witness during a gangbook identification procedure, documentation of the selection of a filler by a witness during a gangbook identification procedure, documentation of the selection of no person by a witness during a gangbook identification procedure, and the preservation of gangbook photographs selected by a witness.

g.  Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their

attorneys, and prosecutors.

h. Investigations of Chicago police officers for misconduct contrary to City of Chicago policies, and/or discipline of Chicago police officers who were found to have engaged in misconduct contrary to City of Chicago policies.

i. The method and manner by which supervisors monitor, report, and/or discipline subordinate Chicago Police Department police officers for potential violations of departmental rules or state/federal laws. This includes the chain of supervision, who is responsible for the supervision, and what the scope of responsibility is for each supervisor that supervises police officers.

j. Evaluations of police officers, including but not limited to any annual or periodic performance reviews or evaluations, standards for evaluating the work performed by Chicago police officers, how those standards are communicated to Chicago police officers, how the evaluations are used to improve officer performance and/or correct deficient performance.

k. Obligation of police officers to report instances of misconduct contrary to City of Chicago policies, and procedures for doing so.

l. Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

If you so contend, please identify each of the written policies or procedures by Bates Number and identify the policymaker(s) who were responsible for or who had final policymaking authority for those policies or procedures from the date beginning five years prior to the Garcia Murder through the end of Plaintiff's criminal trial. To be clear, this Interrogatory seeks the identity of any and all such City policymakers with final or delegated policymaking authority whose knowledge or actions the Defendants will allege at summary judgment or trial are relevant to Plaintiff's claims regarding the City's liability for its alleged policies and practices.

**ANSWER:** **Defendant City objects to this interrogatory as the following terms/phrases are vague, ambiguous, and overly broad, making the interrogatory in its entirety vague and overly broad, and not reasonably limited in time or scope and therefore not proportional to the needs of the case: "Do you contend," "documentation and preservation," "information learned," "use, creation, contents of, storage, location, movement, and preservation," "official files, unit files, street files, running files, and clipboard files" (not defined by Plaintiff), "use and conduct of, documentation of, and supervision," "show-ups, live/in person line-ups, photographic lineups/arrays, clothing line-ups, and single photo identification procedures" (not defined by Plaintiff), "gangbooks," "confidential informants, anonymous calls, and confidential street sources," "method and manner," and "evaluations." The City also objects on the grounds that the interrogatory calls for a legal conclusion, contains improper admonishment that is inconsistent with the Federal Rules of Civil Procedure, seeks information subject to the work product or attorney-client privilege, is a premature contention interrogatory, and contains fifteen separate and discrete subparts (and multiple subparts with the subparts) in violation of Federal Rule of Civil Procedure 33. Finally, to the extent this request is directed at Plaintiff's *Monell* claim, Defendant City objects to this interrogatory on the grounds it is premature given the Court ordered *Monell* discovery to be staggered. The City requests a Rule 37 conference to discuss the time and scope of this interrogatory. Investigation continues.**

11

Dated: September 13, 2023          Respectfully Submitted,

By: */s/ Eileen E. Rosen*      
*Special Assistant Corporation Counsel*
 *for Defendant City of Chicago*

Eileen E. Rosen
Andrew J. Grill
Theresa B. Carney
Catherine M. Barber
Austin G. Rahe
Lauren M. Ferrise
Jessica L. Zehner
ROCK FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com

## CERTIFICATE OF SERVICE

I certify that I served a copy of Defendant City of Chicago's Answers and Objections to Plaintiff's First Set of Interrogatories to all counsel of record by electronic mail on September 13, 2023.

*/s/ Kara Hutson*
Paralegal