**Exhibit H**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERUBY ABREGO, | ) | |
| | ) | Case No. 1:23-cv-01740 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Judge Steven C. Seeger |
| | ) | Mag. Judge Gabriel A. Fuentes |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

### PLAINTIFF'S FIRST REQUEST TO
### PRODUCE DOCUMENTS TO ALL DEFENDANTS

Plaintiff Eruby Abrego, by his undersigned attorneys, propounds the following Requests

for Production pursuant to Federal Rule of Civil Procedure 34, and applicable local rules, upon

all Defendants to be answered by each separately within thirty days after service hereof.

### DEFINITIONS

1. "Plaintiff," "Eruby," and "Abrego" refer to Plaintiff Eruby Abrego, as well as, where the clear meaning is not destroyed by the addition, his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2. The "City of Chicago" or the "City" shall refer to Defendant City of Chicago, including its subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, including but not limited to the Independent Police Review Authority ("IPRA"), the Civilian Office of Police Accountability ("COPA"), the Office of Professional Standards ("OPS"), and the Internal Affairs division of the Chicago Police Department, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

3. The terms "Chicago Police Department," "the Department," or "CPD" shall refer to the Chicago Police Department, and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the Department's behalf.

1

4.      The terms "Cook County" or the "County" shall refer to Cook County and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, including but not limited to the Cook County State's Attorney's Office, as well as, where the clear meaning is not destroyed by the addition, any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the County's behalf.

5.      "Defendant Officer(s)" shall refer to individual Defendants Guevara, Bogucki, Cappitelli, Engel, Halvorsen, Wojcik, Schalk, and any other unknown police officers of the City of Chicago Police Department that may become known, as well as, where the clear meaning is not destroyed by the addition, their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

6.      "Prosecutor Defendant(s)" shall refer to individual Defendant Turano-Michiels, as well as her counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on her behalf.

7.      "Individual Defendant(s)" shall refer to the Defendant Officers and Prosecutor Defendants.

8.      "Defendant(s)" shall refer to all defendants in this action, including the Individual Defendants, Defendant Cook County, and Defendant City of Chicago.

9.      "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

10.      "The Jose Garcia Murder" or "Garcia Murder" shall mean the murder of Garcia and aggravated battery of Julio Lugo at or near the intersection of Belmont and Monticello in Chicago, Illinois, on or about March 22, 1999.

11.      "Garcia Murder Investigation" or "Investigation of the Garcia Murder" shall mean any actions taken by any Investigator to determine the cause or circumstances of and/or the person or persons responsible for the incident that resulted in the death of Jose Garcia and the shooting of Julio Lugo. This includes but is not limited to the police investigative materials maintained under Records Division No. D-166198.  This term is not limited solely to those actions leading to the prosecution of Plaintiff, but includes actions taken with regard to any other possible witnesses or suspects. In addition, this term is not limited solely to actions taken prior to the arrest of Plaintiff but includes as well actions undertaken both before and after the arrest of Plaintiff, including any actions during Plaintiff's criminal trial or appeals and any actions undertaken at any time after Plaintiff's exoneration, up to and including the present day. The terms are not limited to the actions of Individual Defendants, but includes actions taken by any Person fitting the description of Investigators as defined below.

12.      "Investigators" shall mean any Persons who materially participated in the Investigation of the Garcia Murder. This not only includes the Individual Defendants but also

2

any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors, or entities who furnished any material support to the Garcia Murder Investigation.

13.     "Exculpatory Evidence" shall mean evidence favorable to Plaintiff and evidence that would tend to show that Plaintiff was not guilty of the Garcia Murder, including any evidence that would tend to undermine the credibility of any prosecution witness who testified, or could have testified, during any of Plaintiff's criminal proceedings.

14.     "Plaintiff's Complaint" shall mean the operative pleading, which was filed in *Abrego v. Guevara, et al.*, No. 1:22-cv-01740 (N.D. Ill.) (Dkt. 1), on March 21, 2023, or any amended version of that document filed after these instructions are given.

15.     "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to the job performance of any Individual Defendant, or any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on behalf of any Individual Defendant, regardless of the disposition of any resulting inquiry or investigation.

16.     "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

17.     "Communication" means the exchange of information between two or more Persons, whether orally, in writing (including but not limited to text messages, handwritten documents, to-from memos, emails, and informal or official reports, and any electronically stored documents), or by any other means.

18.     The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery, and shall include any Communications documented in any way. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

19.     "You" and "Your" shall refer to the Defendant responding to these Requests, as well as, where the clean meaning is not destroyed by the addition, all counsel, consultants, experts, investigators, representatives, agents or other Persons acting on such Defendant's behalf.

20.     "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

21.     "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

## INSTRUCTIONS

1.     Unless otherwise stated, the relevant time period for each of Plaintiff's discovery requests shall be beginning five years before the date of the Garcia Murder and continuing until the conclusion of this litigation.

2.     Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, an objection to part of a request must specify the part and produce, or permit inspection, of the rest.

3.     In the event that you withhold documents pursuant to objection, please identify the withheld documents pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

4.     In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each Document withheld, the type of Document withheld, and the date(s) of the Document withheld, so that the claim of privilege may be adjudicated.

5.     In the event that you redact any information from any Document produced in response to Plaintiff's discovery requests, provide a log identifying the basis and nature for each redaction.

6.     Documents that are stored electronically shall be produced in their native format with all metadata intact, unless the parties agree to production in a different format.

7.     Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

8.     If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

9.     If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

10. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please produce any accompanying records of destruction and supplement your response to Plaintiff's First Set of Interrogatories.

11. If you contend that any terms used in any of Plaintiff's requests are vague, ambiguous, or overbroad, please produce with your response all documents that you agree fall within the scope of discovery, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing, with your responses, any categories of documents actually or potentially withheld, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request and provide any definitions and/or limitations that you are employing in your interpretation.

12. These Requests are continuing in nature.

## REQUESTS FOR PRODUCTION

1. All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

2. All Documents relating to the Garcia Murder Investigation and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Garcia Murder. This request includes but is not limited to any and all police reports (including General Progress Reports); handwritten notes; collected evidence; forensic, lab, and/or testing documents, Communications, reports, and results; logs; maps and/or diagrams; instrument and/or computer print-outs; photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses; video/audio recordings; electronically stored information; and/or Communications.

3. All Documents relating to the Investigation of the Garcia Murder and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Garcia Murder that are stored within each and every unit of the Chicago Police Department, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

4. All transcripts, photographs, video/audio recordings, radio, emergency and emergency transmissions, 911 or 311 recordings or transmissions, or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Garcia Murder, or the Garcia Murder Investigation. This request specifically includes but is not limited to:

5

a. All evidentiary and/or autopsy photographs taken in connection with the Garcia Murder Investigation;

b. All photographs, audio, or video presented to any witness during the Garcia Murder Investigation;

c. All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

d. All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on March 22, 1999, regarding any activities within Area Five.

5. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a suspect in the Garcia Murder Investigation, through the present day.

6. All Documents, such as Defendants' personal notes and/or files, that summarize, reflect, describe or relate to any activities undertaken during the Investigation of the Garcia Murder.

7. All Documents that were not included in the official City of Chicago Records Division and/or Permanent Retention file for the Garcia Murder Investigation but that summarize, reflect, describe or relate to any activities undertaken during the Investigation of the Garcia Murder or otherwise relate to the Garcia Murder Investigation. This request includes but is not limited to the personal notes and/or files of any Individual Defendant and/or Investigator. This request further includes but is not limited to all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Investigation of the Garcia Murder.

8. All physical evidence relating to the Garcia Murder Investigation or Defendants' defenses to Plaintiff's Complaint. This request seeks responsive documents without temporal limitation.

9. All Documents that constitute records of physical evidence relating to the Garcia Murder Investigation. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

10. All Documents relating to any City of Chicago, internal, or external investigation (*e.g.*, CR, internal affairs, IPRA, OPS, COPA, employee discipline, disciplinary review, police board, external investigation, Sidley review, FBI, etc.) that addressed or looked into any actual or potential misconduct during the Garcia Murder Investigation.

11. All Documents, including notes, police reports, and photographs that summarize, reflect, or describe any identification procedure (whether live or single-photo lineup, photo array, single photo, gang book identification, show-up, clothing identification, or

other) conducted in connection with the Garcia Murder Investigation.

12.     Maps; floor plans; architectural, construction, or pluming diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Chicago Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Garcia Murder Investigation, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

13.     All Area 5 Detective Division Daily Major Incident Logs from

14.     All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Garcia Murder, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings.  This request seeks responsive documents without temporal limitation.

15.     All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff. This request seeks responsive documents without temporal limitation.

16.     All Documents relating to any oral or written confessions or inculpatory statements purportedly given by Plaintiff, including but not limited to all notes relating to any such confession, any drafts of confessions written by Plaintiff or any other Person, and every copy of any such confession. This request seeks responsive documents without temporal limitation.

17.     All Documents that summarize, reflect, describe, or relate to any questioning, interview, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Garcia Murder Investigation. This request includes but is not limited to all police reports (including General Progress Reports), video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

18.     All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the Garcia Murder, or the Garcia Murder Investigation. This request includes but is not limited to all police reports (including General Progress Reports), video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

19.     All Documents relating to any Communication between any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

20.     All Documents, including but not limited to documents comprising Communications, relating to the following Persons: Plaintiff or any third parties involved in the Garcia Murder Investigation, including each witness on the parties' Rule 26(a)(1) Disclosures, and including documents within the possession, custody, or control of the Chicago Police Department and Defendant Cook County, including the Cook County Jail/Cook County Department of Corrections. This request seeks responsive documents without temporal limitation.

21.     All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Chicago Police Department, including but not limited to arrest reports, IR jackets, criminal history reports, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

22.     All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

23.     All Documents containing, constituting, or memorializing Communications that refer or relate to the Garcia Murder, the Garcia Murder Investigation and/or Plaintiff's alleged involvement in the crime. This Request includes but is not limited to all Communications (a) between any of the Defendants or their employees or agents and Plaintiff; (b) among any of the Defendants or their employees and agents; (c) between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and (d) with the Cook County State's Attorney's Office or United States Attorney's Office.

24.     All Documents relating to any criminal investigation, arrest, or prosecution of any Individual Defendant, including but not limited to Communications about any such investigation. This request seeks responsive documents without temporal limitation.

25.     All Documents that reflect the locations, movements, assignments, or contacts made by any Individual Defendant from such as database records, police reports, arrest lists, log sheets, daily activity reports, supervisor management logs, or watch commander logs (aka watch incidents logs), tactical response reports, calendars, Attendance & Assignment sheets, contact cards, emails, City phone, or personal phone records, etc.

26.     All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Chicago Police Department [and/or Cook County State's Attorney's

Office]. This request specifically seeks but is not limited to: (a) print-out of the disciplinary history (e.g., "CR history") of each Individual Defendant with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, (b) the complete file for each Complaint; (c) Summary Punishment Action Request (SPAR) history and records; (d) police board disciplinary records; (e) Behavior Intervention System (BIS) history and records; and (f) any documentation in your possession, custody, or control relating to expunged disciplinary records. This request seeks responsive documents without temporal limitation.

27.     All Documents relating to the employment with the City of Chicago or Cook County of any of the Individual Defendants, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), personnel concerns program (PCP) records, deconfliction reports, extraordinary occurrence (e/o) history, INFO history, Non-Disciplinary intervention (NDI) history, NDI files, Management Labor Affairs Section (MLAS) report, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

28.     ***For the Individual Defendants Only*:** A photograph that shows your appearance at or near the date of the Garcia Murder.

29.     ***For Defendant City of Chicago Only*:** a photograph that shows the appearance at or near the date of the Garcia Murder, of each of the Defendant Officers.

30.     ***For the Individual Defendants Only*:** All Documents relating to your total financial net worth, including, but not limited to:

    a.     All Documents relating to any assets in your possession with a value in excess of $2,500;
    b.     Copies of all monthly statements for the period from July 2019 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;
    c.     Copies of any insurance policy in which you are either the beneficiary or have any other ownership interest;
    d.     A copy of the deed to your residence(s). If you do not own your home, please produce a copy of a current lease;
    e.     A copy of the title to your automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity you may have in said automobile(s);
    f.     All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;
    g.     A copy of your last four pay stubs relating to any employment in which you are engaged, including but not limited to the Chicago Police Department;

h.     All Documents relating to any mortgage applications signed by you in the past four years; and

i.     Copies of your three most recent state and federal tax returns

j.     All Documents reflecting the transfer of assets exceeding $5,000, including but not limited to such transfers in the form of a gift, or into a trust.

31.     ***For the Individual Defendants Only***: All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

32.     All Documents that you will rely upon at summary judgment or trial to suggest that there was probable cause to suspect Plaintiff of involvement in the Garcia Murder. This request seeks responsive documents without temporal limitation.

33.     All Documents relating to or supporting Defendants' Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which you may rely at summary judgment or trial. This request seeks responsive documents without temporal limitation.

34.     All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit (if any) in this case, including all non-privileged Documents reviewed in connection with preparation of your responses. This request seeks responsive documents without temporal limitation. As with all requests, please timely supplement your response to this request for production throughout this litigation.

35.     Any records of Grand Jury proceedings relating to the Garcia Murder Investigation or the prosecution of Plaintiff or any other Person for the Garcia Murder.

36.     All Documents obtained via third party subpoena in this litigation, including but not limited to court records, prosecutors' records, employment records, medical records, prison/jail records, or any other records. This request seeks responsive documents without temporal limitation.

37.     All Documents provided to you by or obtained by you from any of Plaintiff's criminal defense attorneys or their investigators or agents.

38.     All Documents provided to you by or obtained by you from any of Defendants' attorneys, investigators, or agents.

39.     All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to and from said expert(s); (b) all Documents provided to and relied upon by said expert(s); and (c) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

40.     Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery

period, please supplement your Responses.

41.     Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Chicago and/or Chicago Police Department's written policies applicable to any of the Individual Defendants at any time during the Garcia Murder Investigation.

42.     All Documents relating to any written policy, procedure, or practice of the City of Chicago or the Chicago Police Department, regarding any of the following subjects:

a. The documentation and preservation of information learned during a homicide investigation. This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation. This request includes but is not limited to the City's 1982, 1983 and 1986 Special Orders, and any subsequent orders or directives through 1993, related to the street files practice discussed in the *Jones v. City of Chicago* and *Palmer v. City of Chicago* cases.

b. The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Chicago Police Department Detective Areas, including but not limited to so-called permanent retention/RD files, area files, investigative files, official files, unit files, street files, running files, and clipboard files. This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Chicago Police Department— such as the Records Division, the Evidence and Recovered Property Section, and the Police Documents Section of the Chicago Police Department—and the timing of such movements in homicide investigations.

c. Responding to subpoenas from criminal defendants requesting all records concerning a homicide investigation, including policies, practices and customs for ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime, or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors. This request includes but is not limited to the departments or personnel involved in processing such a subpoena request; the places within the Chicago Police Department from which documents, files, and information that would be produced in response to such a subpoena request; and the types of investigative documents that would be produced in response to such a subpoena request.

d. Witness interrogations and interviews in homicide investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects

11

and other witnesses. This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of Miranda warnings and waivers.

e.  The use and conduct of, documentation of, and supervision of identification procedures for actual or potential witnesses, such as show-ups, live/in person line-ups, photographic lineups/arrays, clothing line-ups, and single-photo identification procedures. This request includes but is not limited to the written and unwritten practices, procedures, customs, rules, and techniques for performing these identification procedures; inventorying of evidence resulting from an identification procedure; selection and use of live and photographic fillers; the minimum and maximum number of suspects and fillers; process for taking photographs used in a photo lineup; number of witnesses permitted to view a single lineup; instructions given to participants subject to identification procedures, including communication of information about suspects or defendants; any other communications with witnesses subject to identification procedures; documentation of identification procedures and their results (including selection of suspects, fillers, or no identification); and creation and preservation of documentation relating to any of the foregoing subjects.

f.  The use of gangbooks (i.e., albums/compilations of mugshots or other photos, also sometimes referred to as photobooks) and conduct of gangbook identification procedures in homicide investigations. This request includes but is not limited to the written and unwritten practices, procedures, customs, rules, and techniques for creating, selecting, or compiling photographs for inclusion in gangbooks, deciding what gangbooks to show witnesses, performing gangbook identifications, communication of information about suspects or defendants to witnesses who view gangbooks, any other communication with witnesses who view gangbooks, reports written in connection with gangbooks, documentation of gangbook identification procedures, documentation of the selection of a suspect by a witness during a gangbook identification procedure, documentation of the selection of a filler by a witness during a gangbook identification procedure, documentation of the selection of no person by a witness during a gangbook identification procedure, and the preservation of gangbook photographs selected by a witness.

g.  Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

h.    Investigations of Chicago police officers for misconduct contrary to City of Chicago policies, and/or discipline of Chicago police officers who were found to have engaged in misconduct contrary to City of Chicago policies.

i.    The City's written and unwritten policies, practices, and customs relating to the method and manner by which supervisors monitor, report, and/or discipline subordinate Chicago Police Department detectives for potential violations of departmental rules or state/federal laws. This includes the chain of supervision, who is responsible for the supervision, and what the scope of responsibility is for each supervisor that supervises detectives.

j.    The policies, practices, and procedures of the Chicago Police Department regarding evaluations of its detectives, including but not limited to any annual or periodic performance reviews or evaluations, standards for evaluating the work performed by Chicago police officers, how those standards are communicated to Chicago police officers, how the evaluations are used to improve officer performance and/or correct deficient performance.

k.    Obligation of officers to report instances of misconduct contrary to City of Chicago policies, and procedures for doing so.

l.    Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

The timeframe of this request is beginning five years before the Garcia Murder and continuing one year past Plaintiff's trial.

43.    Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Chicago, the Chicago Police Department, or the Cook County State's Attorney's Office at any time during the Garcia Murder Investigation or at any time during any event or circumstance described in Plaintiff's Complaint.

44.    Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation.

45.    All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Chicago Police Department at any time.

46.    All Documents relating to any training that any Individual Defendant received in connection with their employment on any of the subjects identified in Request for Production No. 42, above. The timeframe of this request is beginning five years before the Garcia Murder and continuing one year past Plaintiff's trial.

47.    All Communications between the Cook County State's Attorney's Office and the City of Chicago or any Defendant Officers relating to Plaintiff's certificate of innocence. This request includes but is not limited to all communications regarding the certificate of innocence

proceedings; the participation or conduct of Defendants or any other actual or potential witness in those proceedings; and the Cook County State's Attorney's Office position on the certificate of innocence. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between former Assistant State's Attorneys and any attorneys for the City of Chicago or the individual Defendants.

48.     All Documents relating to any Attorney Registration and Disciplinary Commission complaints that have ever been lodged against Defendant Turano-Michiels at any time, and all Documents relating to any inquiry or investigation into these complaints, if any, and their outcomes.

49.     All notes created by Defendant Turano-Michiels or any other Assistant State's Attorney or any investigator for the State's Attorney's Office during the Garcia Murder Investigation, including but not limited to any notes from conversations with any law enforcement officers, any other ASAs or investigators, and any witnesses, that are maintained anywhere, including in CCSAO or personal files of any current or former CCSAO employee.

50.     All Documents reflecting any written policies, practices, or procedures of the Cook County State's Attorney's Office, applicable to Defendant Turano-Michiels, that related to conducting, documenting, memorializing or recording interviews, questioning, or interrogations of witnesses, including of juvenile witnesses; or, filing, retaining, storing, or destroying investigative or prosecutorial material, including witness statements, reports, and notes, during the course of an investigation or prosecution. The timeframe of this request is beginning five years before the Garcia Murder and continuing one year past Plaintiff's trial.

51.     Any prosecution files, including any Felony Review notes or memoranda relating to the Garcia Murder Investigation or the prosecution of Plaintiff, or any other Person, for the Garcia Murder.


Respectfully Submitted,

**Eruby Abrego**


By:     Anand Swaminathan
*One of Plaintiff's Attorney*s
Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Renee Spence
Carla Agbiro
LOEVY & LOEVY
311 N. Aberdeen

14

Chicago, Illinois 60607
(312) 243-5900
anand@loevy.com

## <u>CERTIFICATE OF SERVICE</u>

I, Anand Swaminathan, an attorney, hereby certify that on July 31, 2023, I caused the foregoing Plaintiff's First Request to Produce Documents for All Defendants to be served on all counsel of record.

/s/ Anand Swaminathan
*One of Plaintiff's Attorneys*