**Exhibit I**

# LOEVY + LOEVY

February 20, 2025

311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
www.loevy.com

**VIA EMAIL**

Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606

The Sotos Law Firm, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604

Borkan Scahill
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, Illinois 60603

**RE:** *Abrego v. Guevara, et al.* **– Outstanding Discovery Issues**

Counsel,

    I am writing in response to the City's January 14, 2025 letter pertaining to the City's outstanding discovery responses and to raise global outstanding discovery issues in this case. Each issue is outlined below:

**I.    Depositions of Noticed Third Party Officers**

- **Robert Tovar** – The parties represented to the Court that Mr. Tovar would be deposed on March 19, 2025. Please confirm that the City will produce him on the agreed-upon date.
- **Derrick Smith** – Plaintiff noticed Officer Smith's deposition on October 9, 2024. In the City's January 14, 2025 letter the City represented that it was still trying to get in touch with Officer Smith. Please disclose if the City has made contact with Mr. Smith. If the City has not, please provide his last known contact information by February 26, 2025.
- **Jennifer DeLucia (Terasa)** – Plaintiff noticed this deposition on June 17, 2024. After conferring about mutually agreeable dates, Plaintiff served an amended notice for Officer DeLucia's deposition on December 20, 2024. The deposition was scheduled for February 6, 2025. On January 30, 2025, the City stated that Officer DeLucia's deposition would need to be rescheduled. The City has not provided a new date for this deposition. By February 26, 2025, please advise if Defendants intend to call Officer DeLucia at trial. If not, Plaintiff is willing to withdraw his request to depose her.
- **Thesodia Jaks** – Plaintiff noticed this deposition on June 17, 2024. When conferring about mutually agreeable dates, the City represented that Officer Jaks was ill and in bad health. The parties agreed to defer her deposition and take her partner's deposition

- instead (Officer A. Kadus). Kadus was deposed on January 24, 2025, after which Plaintiff notified the City that he wanted to move forward with Jaks' deposition. Currently, the City has not provided a date for this deposition. Plaintiff is willing to withdraw his request to depose Officer Jaks if the parties will stipulate to the admissibility of her prior testimony (Abrego 16598-16611).
- **Officer R. Troche** – Plaintiff noticed this deposition on January 27, 2025, for March 31, 2025. Please confirm that the City will produce Officer R. Troche on this date.
- **Officer Burke** – Plaintiff noticed this deposition on January 23, 2025, for March 13, 2025. Please confirm that the City will produce Officer Burke on this date.
- **Officer Eduardo Rios** – Plaintiff noticed this deposition on February 19, 2025. Plaintiff is willing to withdraw the request to depose Officer Rios if the parties stipulate to the admissibility of his prior testimony (Abrego 16591-16597).

**II.　　Withdrawing Third Party Officers**

In his October 9, 2024 letter, Plaintiff asked Defendants to either withdraw certain third-party officers from their disclosures or supplement their response to Plaintiff's First Set of Interrogatories No. 2 to reflect the officers' knowledge. After conferring, for the sake of efficiency, Plaintiff agreed to identify the first tier of officers for the City to contact about relevant knowledge. Plaintiff now provides the names of the officers:

- Officer Hallihan
- Officer Beran
- Officer S. Forde
- Officer H. Harris
- Officer H. Vergara
- Officer F. Montilla

If the City finds that they have no recollection about the Garcia Murder investigation or about topics identified in Plaintiff's Complaint and Defendants agree to remove them from their disclosures, Plaintiff will not seek to depose them. By March 6, 2025, please either notify Plaintiff that Defendants are withdrawing these officers or serve supplemental responses to Interrogatory No. 2.

To the extent Defendants intend to call the below-listed officers at trial, please supplement the Defendants' responses to Interrogatory No. 2 to reflect their knowledge by March 6, 2025. If Defendants do not do so, Plaintiff will move *in limine* to bar Defendants from calling them as witnesses at trial.

- Officer Babich
- Officer Brogan
- Officer D. Johnson
- Officer Tomasiello
- Officer Victor Rivera
- Officer F. Montilla

### III.    Contention Interrogatories

On February 10, 2025, pursuant to the Court's instruction at the hearing on November 21, 2024, Plaintiff proposed that the parties agree on a deadline by which the parties must supplement contention interrogatories. Plaintiff proposed that the parties agree to supplement their interrogatory responses 30 days before the close of discovery. Defendants did not respond to this proposal.

On February 14, 2025, Plaintiff again contacted Defendants and asked them to provide their position on this proposal. Defendants still did not respond.

Please provide your position on Plaintiff's proposal by February 26, 2025. If Defendants do not provide a response, Plaintiff will presume the parties have reached an impasse and will raise the issue with the Court.

### IV.    Documents Pertaining to Third Party Witnesses

Plaintiff has been conferring with the City about this request for a full year, since February 2024. During these conferences and in written correspondence, Plaintiff has repeatedly identified the individuals at issue for Requests Nos. 21-22 and the documents Plaintiff expects are likely to exist. Indeed, this information is reflected in the City's January 24, 2025 letter. Again, Plaintiff has requested all documents in the City's possession that relate to the following identified individuals:

- Julio Lugo
- Elizabeth Montalvo
- Darryl Hawkins
- Nicasio Santiago
- Carmen Garcia
- Isidro Quinones
- Ramon Torres
- Frederico Marero
- Antonio Vasquz
- Juan Parra
- Maria Arreola
- Adid Khauis
- Julia Haskis
- Alex Gonzalez
- Juan Diaz
- Juan Avalos
- Jose Pacheco
- Agustina Souello
- Juan M. Parra Sr.
- Martha Parra
- Armando Rentas
- Miriam Rentas
- Martha Mora
- Debra Daniels

- David Daniels
- Gilberto Daniels
- Alex Guzman
- Frances Cain
- Awilda Garcia

Yet, the City has failed to produce the responsive documents. To date, the City has only produced some versions of criminal histories for a handful of individuals. Despite clear requests from Plaintiff, the City still has not produced arrest reports, photographs, IR jackets, and other documents in its possession. As an example of the City's failure to conduct even a basic search for responsive documents, Mr. Quinones' criminal history reflects that he was arrested as recently as June 2024 and the City has not produced the arrest report for this arrest. Is the City representing that it does not have an arrest report from last year?

Further, despite Plaintiff repeatedly telling the City that he is requesting documents for all non-attorney/non-law enforcement individuals who testified in Plaintiff's criminal proceedings and who are listed on the parties Rule 26(a)(1) disclosures (Plaintiff specifically identified these individuals in his letter in his October 15, 2024 letter) the City's searches and correspondence appear to reflect that the City is only focused on ten individuals. *See* City's Jan. 14 Letter at 2-3.

By February 26, 2025, please confirm that the City has (1) conducted searches for documents relating to each person Plaintiff identified in the criminal proceedings and that have been disclosed in the parties' Rule 26(a)(1) disclosures (excepting Rule 404(b) witnesses, attorneys, and law enforcement); and (2) produced all the documents in the City's possession pertaining to these identified individuals.

Additionally, Plaintiff is also seeking all documents, including arrest reports, IR jackets, and photographs for any individuals who participated in any line up procedure conducted in the Garcia Murder investigation. By February 26, 2025, please identify when the City will produce documents relating to the individuals who participated in any lineup relating to the Garcia Murder Investigation.

### V.    The City's Responses to Plaintiff's Interrogatories

**Interrogatory No. 10** -  In its January 14, 2025 letter the City provided a supplemental response to this interrogatory but the supplement does not comply with Rule 33. Rule 33 requires that answers to interrogatories must be answered separately and fully in writing under oath. Please supplement the City's response to provide a sworn answer to Interrogatory No. 10 by February 26, 2025.

**Interrogatory No. 11** – The City's supplemental response to this interrogatory is deficient for three reasons. First, as with the supplemental response to Interrogatory No. 10, this supplemental answer is unsworn. Please provide a sworn response as required by Rule 33. Second, as part of its supplemental answer the City claims that its "ability to ascertain [responsive] information, at this point, is next to impossible with the exception of the information apparent on the face of the document." This answer appears inaccurate. As the City produced documents relating to the Garcia Murder Investigation or RD NO. D-166198 during this litigation, the City clearly has some knowledge about where these documents are stored. The City's supplemented response should reflect this knowledge. Third, the City's reference to "information apparent on the face of

the documents" appears to indicate the City is relying on documents as part of its response. If that is the case, the City must specifically identify the documents its relying on as required by Rule 33. *See also ExactLogix, Inc. v. JobProgress. LLC,* No. 18 CV 50213, 2020 WL 13220038, at *3 (N.D. Ill. Apr. 7, 2020). Please provide a sworn, complete, and accurate answer by February 26, 2025.

**Interrogatory No. 14** – In its January 14, 2025 letter, the City again stated that it is refusing to answer this interrogatory. First the City reiterated its original objections: (1) "vague, ambiguous" but did not explain which part of the interrogatory is unclear; (2) "overly broad" but did not identify which part of the interrogatory does not relate to the claims and defenses in this case; and (3) claimed not to understand basic terms despite prior correspondence identifying the meaning of the terms, instructing the City to use the common usage of the terms, and pointing out that many of the purportedly undefined terms are terms that the City has in this litigation or in similar cases.

Second, the City claimed, that "most, if not all, of the information requested in Interrogatory No. 14 relates to *Monell* discovery," but did not provide any explanation for this reasoning. Plaintiff has repeatedly stated that each of these topics relates to acts that the Officer Defendants undertook during the Garcia murder investigation. The City has not made any argument that undermines this statement or demonstrated why any of the targeted topics are solely *Monell* topics.

Third, the City asserted that it cannot answer this interrogatory because "the City's ability to ascertain that information, at this point, is next to impossible with the exception of the information apparent on the face of the documents." If this is the case, then the City should supplement its response to reflect its inability to ascertain the information, and where the information is "apparent on the face of the documents" the City should identify the relevant Bates stamp for each responsive document (which is precisely what Plaintiff requested in his interrogatory: "If you so contend, please identify each of the written policies or procedures by Bates Number. . . .").

In light of the foregoing, if the City intends to supplement its response, please provide a supplemental response by February 26, 2025. If the City does not serve a response by then, Plaintiff will assume we are at an impasse on this interrogatory.

## VI.  Follow Up Discovery

In Plaintiff's First Request to Produce Documents to All Defendants, Plaintiff requested "All Documents relating to the Garcia Murder Investigation and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Garcia Murder. This request includes but is not limited to any and all police reports (including General Progress Reports); handwritten notes; collected evidence; forensic, lab, and/or testing documents, Communications, reports, and results; logs; maps and/or diagrams; instrument and/or computer print-outs; photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses; video/audio recordings; electronically stored information; and/or Communications.." (Request No. 1). Based on information that has been recently discovered, Plaintiff now identifies additional documents that the City should produce pursuant to Request No. 1:

**Documents relating to overtime pay and requests:** During Officer Robert Smith's deposition, Officer Smith testified that he was likely working overtime during the Garcia Murder

Investigation and further testified that overtime requests and approvals would have been documented. As such, Plaintiff requests that the City supplement its production by producing all documents relating to requests for overtime, approval, and denials; the amount paid, to whom, and when; and the rate of overtime pay for any work completed in relation to the Garica Murder Investigation. This request includes but is not limited to requests submitted by the Officer Defendants, paystubs, and payroll records.

**Documents relating to the Area 5 Mission Team**: Officer Robert Smith also testified that he was a member of the Area 5 Mission Team and reports reflect that the Mission Team participated in multiple parts of the Garcia Murder Investigation. As such, Plaintiff requests that the City supplement its production by producing all documents relating to the 1999 Area 5 Mission Team including but not limited to documents sufficient to identify who was on the Area 5 Mission Team in 1999; any documents authored by the 1999 Area 5 Mission Team pertaining to the Garica Murder Investigation; policies, procedures, general orders, and memorandum relating to the Area 5 Mission team including the purpose of the team, team duties, and expectation; and any training materials provided to 1999 Area 5 Mission Team members.

**Beat Officers**: Reports in the investigative file refer to various beats but do not clearly identify the members of these teams. Please produce all documents sufficient to identify the individuals assigned to Beats 1761B, 1752, and 5511.

## VII.   Missing Documents

It appears that the City has not produced a complete version of the investigative file. Attached are documents Plaintiff received as part of Mr. Johnson's subpoena response (Johnson Subp. Resp. 145, 148, 150-152). These documents were clearly created by the CPD during the Garcia Murder Investigation and yet the City has not produced them. Given the very belated disclosures in *Gonzalez* and *Gamalier Rivera*, the City's history of failing to conduct reasonable searches for responsive documents, and the discovery of these responsive documents in a third-party's file, Plaintiff is concerned that the City has failed to conduct complete and reasonable searches in this case.

Plaintiff thus asks that the City conduct a transparent, thorough investigation into responsive documents. Please also confirm that all documents regarding the Garcia Murder investigation maintained by the Chicago Crime Lab, the Records Division, E&RPS, Chicago Police Headquarters, Area 5, the Detective Division, Internal Affairs Division, and (non-privileged) documents of the Office of Legal Affairs have been produced, following a diligent investigation. Plaintiff is entitled to a thorough search for documents regarding his wrongful conviction, conducted pursuant to the City Defendants' superior knowledge of the City's responsive documents, the City's different divisions and units, and the City's processes for identifying responsive documents.  Plaintiff assumes that each unit of CPD has a mechanism for responding to discovery requests and subpoenas; if that assumption is incorrect, kindly let us know.

Please ensure this investigation and production is completed by March 6, 2025, so that we are not further delayed in completing discovery. To the extent the City wishes to confer on this issue, please provide times on February 24 and 25 when you can confer.

**VIII.  Gang Photos**

During Officer Smith's deposition he also testified that there were gang photos stored at "11th and State." Please confirm whether the City currently possesses any gang photos that were stored in 1999 at CPD location "11th and State."

******

If the City would like to confer about any of the above topics, I am available during the week of February 24th. I look forward to the City's supplemental productions.

Regards,

Renee Spence

Mar-26-99 11:07 From-INSTANT UP DATE CPD +3127477935 T-988 P.01/01 F-464

**CLASS X FELONY**

CITY OF CHICAGO / DEPARTMENT OF POLICE / 1121 South State Street
IDENTIFICATION SECTION Chicago, Illinois 60605

REVIEWED BY INSTANT UPDATE UNIT
M/W MAR 2 1999
TEL #312/747-1165

CRIMINAL HISTORY OF: GOMEZ, Tito
DATE: 15 June 98
DATE OF BIRTH: 09 July 78

| IR NO. | FBI NO. | SID NO. |
|---|---|---|
| 1239707 | 383999FB9 | 39190590 |

| NAME & ADDRESS | CB NO | DATE OF ARREST | ARRESTING OFFICER & DISTRICT | CHARGE | DISPOSITION |
|---|---|---|---|---|---|
| Tito GOMEZ<br>3749 N. Spaulding<br>09 Jul 78 | 11090149<br>lbs | -15 Jun 98 | Off. Martens Dist. 14 | Theft/Stolen Know Dprv. "Less Than" $300 | |
| Oscar DANIELS<br>2907 N. Springfield<br>09 Jul 79 | 11137218<br>cb/temp | -05 Aug 98 | Off. Sisk Dist. 14 | Mob Actn/Fail to Withdraw | |
| Oscar SANTIAGO<br>3935 W. DiverseyAV 201<br>09 Jul 79 | 14114974<br>cb/temp<br>IUU/JJH | -10 Feb 99 | Off. Wieland Dist. 17 | Poss cont Sub | 23 MAR 99, PCS, BFW, Judge Ford, DOC#99-1106998 |
| Nacasio F SANTIAGO<br>2728 W Nelson<br>09 Jul 79 | 14151395<br>ls | -26 Mar 99 | Off. Wojcik, Dist. 025 | First Deg Murder | |

AS OF 23 mar 99
SUBJECT OF ARREST WARRANT
CHICAGO POLICE
WRT # Ω 5547
TEL #312-747-5507

FIS RETURN TRANSMITTED

Johnson Subp. Resp. 000145

Mar-26-99 18:04 From-INSTANT UP DATE CPD +3127477935 T-986 P.01/02 F-451

**INSTANT UPDATE UNIT**

CITY OF CHICAGO / DEPARTMENT OF POLICE / 1121 South State Street
IDENTIFICATION SECTION Chicago, Illinois 60605
MAR 26 1999

TEL # 312 747

| CRIMINAL HISTORY OF | ABREGO, Eruby J. | M/W |
| --- | --- | --- |
| DATE | 27 Mar 96 | |
| DATE OF BIRTH | 08 Dec 78 | |

I.R. NO. 1154564
FBI NO. 406129CB9
S.I.D. NO. 37211610

| NAME & ADDRESS | CB NO | DATE OF ARREST, ARRESTING OFFICER & DISTRICT, CHARGE, DISPOSITION |
| --- | --- | --- |
| Eruby J. ABREGO<br>2847 N. Harding<br>08 Dec 78 | 10191946<br>dc | -27 Mar 96, Off. Hardison, Dist. 016, Unlw Disp Title/Cer<br>Plt<br>24 Apr 96 False Ill Temp Reg Per (95½-4-104a4) PG/FG 6 m<br>sup Jdge. Wilens Doc#96269100 asi ej |
| Eruby ABREGO<br>2907 N Springfield<br>08 Dec 78 | 11099307<br>om | -25 Jun 98 Off. Coates Dist. 014 Battery/Cause Bodly Harm |
| Eruby J. ABREGO<br>2907 N. Springfield<br>08 dec 78 | 11137219<br>sb | -05 Aug 98, Off. Sisk Dist. 014 Mob Action/Fail To Withdr |
| Eruby J ABREGO<br>2907 N Springfield<br>08 Dec 78 | 14151407<br>ls | -26 Mar 99, Off. Wojcik, Dist. 025, First Deg Murder |
| Eruby ABREGO JAIMO<br>1419 Casady LN<br>Oklahoma City OK<br>08 DEC 78 | OCA#s<br>239238<br>256074<br>IUU/JJH | -17 JAN 97,Okla City OK P.D.,Poss CDS W/IN 1000FT School/<br>/Minor Under 12 Felony,Poss CDS W/O Tax Stamp,Felony,<br>23 JUL 97,Marijuana-Sell(CF9700419),Poss CDS W/1000 Ft Sct<br>(CF9700419),Poss CDS W/O Tax Stamp(CF9700419),Larceny Merc<br>Fr Retailer,(CF9701504),PG/FG,Sentenced To RID 120 Days<br>(entered to Rap Sheet ,26 MAR 99) |

**CLASS X FELONY**

**CONVICTED FELON**

**RETURN TRANSMITTED**

26 MAR 99 18:04

CONFIDENTIAL - Further dissemination of information contained in this record is forbidden
When this record has served the purpose for which it was issued, it must be destroyed (U S
Dept. of Justice Rules & Regulations S.S. 20.33)

Johnson Subp. Resp. 000148

Mar-25-99 06:24 From-IDENT LINE 2 #3127472016 T-723 P.01/01 F-001

# CLASS X FELONY

**CITY OF CHICAGO / DEPARTMENT OF POLICE** — State Street, Chicago, Illinois 60605
IDENTIFICATION SECTION

REVIEWED BY INSTANT UPDATE UNIT
MAR 25 1999
TEL # 312 747-1165

CRIMINAL HISTORY OF: CAIN, Jeremiah H.     M/W
DATE: 10 December 1996
DATE OF BIRTH: 29 March 1975

IF ♂M ♂BF

| IR NO | | FBI NO | | SID NO | |
|---|---|---|---|---|---|
| 1182314 | | 626442DB9 | | 38409870 | |
| NAME & ADDRESS | C# NO | DATE OF ARREST | ARRESTING OFFICER & DISTRICT | CHARGE | DISPOSITION |
| Jeremiah H. CAIN<br>4121 N. Tripp<br>29 Mar. 75 | 10402800<br>(F)<br>pb | -15 Dec. 96 Off. Woods Special Operations Section (014) Aut Weapon/Sawed Off S. Gun<br>29 Jan 97, UUW 720-5/24-1, Theft mislaid prop. 720-5/16-2<br>PG-FG 2yrs Fel. Prob. Judge Lacey, DOC# 961155769 | | 97CI-15108 | |
| Jeremy H. CAIN<br>4125 N. Tripp<br>29 Mar 75 | 10660384<br>cb/temp | -13 Aug 97 Off. Mancuso Dist. 17 Poss Cann 2.5 to 10 Gr<br>SOL | | | |
| Jeremy CAIN<br>4121 N. Tripp<br>29 Mar 75 | 10860060<br>vw | -23 Oct 97 Off. Arceo Dist. 14 Crim Trespass to Residence<br>SOL | | | |
| Jeremiah CAIN<br>3932 W Diversey<br>29 Mar 79 | 11014214<br>om<br>IUU/Jo | -27 Mar 98 Off. Zuniga Dist. 014 Robbery, Released W/O Charging | | | |
| Jeremi H CAIN<br>3805 W Diversey<br>29 Apr 75 | 11064443<br>om | -18 May 98 Off. Arceo Dist. 014 Crim Trespass to Residenc<br>SOL | | | |
| Jeremiah H CAIN<br>3705 W Diversey<br>29 Mar 75 | 11093139<br>om | -19 Jun 98 Off. Arceo Dist. 014 Criminal Trespass to Land<br>SOL | | | |
| Jeremiah H CAIN<br>3705 W Diversey<br>29 Mar 75  lp | 11131560 | -29 Jul 98, Off Pagan, 014th Dist., Disorderly<br>SOL | | | |
| Jeremiah M. CAIN<br>3935 W. Diversey Av.<br>29 Mar. 75 | 14150332<br>IUU/Jo | -24 Mar 99, Det. Bogucki, A5VC (025), First Degree Murder Unlawful Use Firearm/Felon | | | |

RETURN TRANSMITTED

**CONVICTED FELON**

**PRIOR UUW (FIREARM) CONVICTION**
**CURRENT UUW CHARGE**
**ELIGIBLE FOR CLASS 3 FELONY UPGRADE**

CONFIDENTIAL — Further dissemination of information contained in this record is forbidden. When this record has served the purpose for which it was issued, it must be destroyed. Dept of Justice Rules & Regulations sec 20.33

Johnson Subp. Resp. 000150

**CLASS A FELONY**

+31274620I6   T-685  P.01/01  F-862

CITY OF CHICAGO / DEPARTMENT OF POLICE / 1121 South State Street
IDENTIFICATION SECTION  Chicago, Illinois 60605

BARRA, Juan    6F    M/W

05 October 96   ♂M

DATE OF BIRTH
27 July 79    1 BF

| IR NO | FBI NO | SID NO | No Juv. number—Jo |
|---|---|---|---|
| 1175396 | 702848HB0 | 40942940 | |

| NAME & ADDRESS | CB NO | DATE OF ARREST | ARRESTING OFFICER & DISTRICT | CHARGE | DISPOSITION |
|---|---|---|---|---|---|
| Juan BARRA 2820 N. Lawndale 27 Jul 79 | 10348312 lbs | -05 Oct 96 | Off. Pagan Dist. 14 | Disorderly Conduct 13 Nov 96, D/C (720-5/26-1a1) | MS/SOL, Jdg Sheridan, Doc96411699 |
| Juan PARRA 4018 W. Oakdale 27 Jul 79 | 11042156 sp | -26 Apr 98, | Off. Gillespie, Dist. 017., | Poss Cann 2.5-10 G | BFW |
| Juan M. PARRA 4018 W Oakdale 27 Jul 79 | 14150348 1j | -25 Mar 99 | Off. Schalk Dist. 25 | First Degree Murder | |

RETURN TRANSMITTED

REVIEWED BY
INSTANT UPDATE UNIT
MAR 25 1999
TEL # 312 747-1165

CONFIDENTIAL  Further dissemination of information contained in this record is forbidden. When this record has served the purpose for which it was issued, it must be destroyed (U.S. Dept. of Justice Rules & Regulations 5 S 20.21).

Johnson Subp. Resp. 000151

Mar-22-99 23:04 From-IDENT 435 WINDOW +3127475981 T-165 P.02/02 F-225

CITY OF CHICAGO / DEPARTMENT OF POLICE / 1121 South State Street
IDENTIFICATION SECTION - Chicago, Illinois 60605

1125384

| CRIMINAL HISTORY OF | LUGO, Julio A. | M/W |
| --- | --- | --- |
| DATE | 14 Jun 95 MAR 22 | |
| DATE OF BIRTH | 15 Dec 78 | |

| IR NO | FBI NO | SID NO |
| --- | --- | --- |
| 1125384 | | |

| NAME & ADDRESS | CB NO | DATE OF ARREST / ARRESTING OFFICER & DISTRICT / CHARGE / DISPOSITION |
| --- | --- | --- |
| Julio A. LUGO<br>959 N. Oakley<br>15 Dec 78 | 9698439<br>cc | -14 Jun 95 Off. Tsoukalas, Dist. 012(013), POss Cont Sub |
| Julio A LUGO<br>3346 N Pierce<br>15 Dec. 78 | 10273434<br>lww/temp | -10 Jul. 96, Off. Negron, Dist. #014, Mob Action Fail To Disperse.<br>05 Aug 96, MOB ACTION (720-5/25-1(a) (e) MS/SOL, Judge Cunningham, Doc#96352518 |
| Julio LUGO<br>3346 W. Pierce<br>17 Dec. 78 | 10304915<br>pb | -11 Aug. 96 Off. Sesso Dist 025 Mob Action Fail To Disperse<br>27 Sept 96, Mob Action (720-5/25-1) MS SOL, Judge Wilens, DOC#96364475 |
| Julio A. LUGO<br>3346 W. Pierce<br>12 Dec 78 | 10533644<br>vv | -01 Jun 97, Off. Sanchez, Dist 16 Mob Action Fail To Dispe |
| Julio A LUGO<br>3346 W Pierce<br>15 Dec 78 | 10904753<br>pw | -08 Nov 97, Off. Kozaroitz, 025th. Dist., Poss Cocaine<br>12 Jan 98, INFO#98CR-1312, Poss Amt Con Sub Except<br>05 Mar 98, Poss Amt Con Sub Except (98CR-1312)PG, 24Mos.<br>410 Prob, 30 Hrs. Comm-Service, Judge Szwed |
| Julio A. LUGO<br>4727 W. Wellington St.<br>15 Dec 78 | 11169535<br>gd | -03 Sep 98, Off. Manno, Dist. 025, Batt/Cause Bodly Harm |
| Julio A. LUGO<br>4940 W. Henderson<br>15 Dec 78 | 14075999<br>sb | 18 Dec 98, Off. Fallon Dist. 025 Mob Action |
| Julio LUGO<br>3209 W Hirsch<br>15 Dec 78 | 14145705<br>ml | -19 Mar 99, Off. Murphy, 25th Dist. Crim Tres To Res. |

CONFIDENTIAL - Further dissemination of information contained in this record is forbidden. When this record has served the purpose for which it was issued, it must be destroyed (U.S Dept. of Justice Rules & Regulations S S 20.33)

Johnson Subp. Resp. 000152