LAW OFFICES

# ROCK FUSCO & CONNELLY, LLC

KELLY A. KRAUCHUN
DIRECT LINE: (312) 970-3423

333 W. WACKER DRIVE
19TH FLOOR
CHICAGO, ILLINOIS 60606
(312) 494-1000
FAX (312) 494-1001
WWW.RFCLAW.COM

EMAIL: KKRAUCHUN@RFCLAW.COM

**January 14, 2025**

Renee Spence
Loevy & Loevy
311 N. Aberdeen Street
Chicago, IL 60607
**Via EMAIL**

Re: *Abrego v. Guevara, et al.* – Response to October 15, 2024 Correspondence

Dear Spence,

This correspondence serves as a response to your October 15, 2024 letter, our communications at the motion to compel hearing, and our subsequent Rule 37 conferral. Each topic discussed during our conferral is addressed separately below.

**Third-Party Officer Depositions:**
- **Robert Tovar** – City made contact with him; parties to confer regarding his deposition.
- **Derrick Smith** – left voicemails and sent overnight correspondence, awaiting response from him.
- **T. Jaks** – the City has been in contact with her, but she is retired and in bad health; agreed to wait on scheduling a deposition for her unless it is needed.
- **A. Kadus** – deposition scheduled and confirmed for 1/24/2025 at 2:00pm via Zoom.
- **J. DeLucia (Terasa)** – deposition scheduled and confirmed for 2/6/2025 at 10:00am via Zoom.
- **Robert Smith** – deposition scheduled and confirmed for 1/24/2025 at 10:00am via Zoom.
- **Officer Anthony Shapiro** – the City has reached out but has not received any response from him. His last known address is: [REDACTED]

**Narrowing Officers:**
Plaintiff agreed to take a pass at the list identifying third party officers from Plaintiff's October 9, 2024 letter to determine who he wants to prioritize. The City will then contact those police officers to determine if they can be removed for the parties' Rule 26(a)(1)s.

Renee Spence
January 14, 2025
Page 2

**City's Response: The City responds that during the Rule 37 conference on 12/4/24, the City communicated that it was up to the Plaintiff to review the listed third party officers in the parties' Rule 26(a)(1) disclosures against the investigative file to determine which third party officers he seeks to depose. Should Plaintiff identify additional third party officers he wishes to depose, the City communicated it would facilitate contacting and scheduling said third party officer depositions so long as the third party officers are responsive to the City. As of the date of this correspondence, Plaintiff has not provided the City with a narrowed list of third party officers he wishes to depose other than those identified above in "Third Party Officer Depositions" Section.**

**Documents for Third Party Witnesses**:
The third parties at issue are listed in Plaintiff's October 4, 2024 letter and listed in Defendants' disclosures (Numbers 9-35). Plaintiff again stated that he was requesting all documents the City had on these individuals, which included IR jackets, criminal histories, arrest forms, and mugshots; basically any documents the City has. The City agreed to conduct a search and reach out to OLA for the documents and produce whatever is responsive.

**City's Response: The City acknowledges that Plaintiff raised this issue during the Rule 37 conference on 12/4/2024; however, this issue has been raised during previous conferences and correspondence. Notably, in response to Plaintiff's July 15, 2024 letter, August 14, 2024 Email, and August 30, 2024 Emails related to the City's Discovery responses, the City's October 4, 2024 correspondence addressed this point. In the City's correspondence it specifically stated, "[A]gain, the City clarifies that while it agreed to review the Parties' 26(a) disclosures, it did not agree to conduct a search for responsive documents for all individuals listed between the Parties. The City reiterates its position that it is not its responsibility to determine which witnesses Plaintiff seeks this information for. Moreover, the City indicated during the meet and confer that Plaintiff's demand that the City conduct searches for all 'individuals listed on the parties' Rule 26(a)(1) disclosures is overly broad and unduly burdensome." Subject to and without waiving these and the City's previous objections, the City produced the criminal histories for the following individuals (or identified below no criminal histories found):**

- **Julio Lugo** – Criminal History produced; See bates RFC-Abrego 008413-8419
- **Elizabeth Montalvo** – No personal identifiers available to request criminal history
- **Darryl Hawkins** – Criminal History produced; See bates RFC-Abrego 008523-8528
- **Nicasio Santiago** – Criminal History produced; See bates RFC-Abrego 008406-8412
- **Carmen Garcia** – No criminal history
- **Isidro Quinones** – Criminal History produced; See bates RFC-Abrego 008423-8426
- **Ramon Torres** – Criminal History produced; See bates RFC-Abrego 008529-8538
- **Frederico Marrero** – Criminal History produced; See bates RFC-Abrego 008420-8422
- **Antonio Vazquez** – No criminal history

- **Juan Parra** – Criminal history produced; see bates RFC-Abrego 008399-8405

**To the extent that Plaintiff seeks additional documents related to these individuals, Plaintiff will need to identify those documents with specificity.**

<u>Photo Identification Documents:</u>
The City again noted that the investigative file does not contain a supplemental report reflecting an inventory number for the photo array used in the Garcia investigation. According to the City, this suggests that there was no array inventoried. The City agreed to check and report if any responsive documents are found.

**City's Response: The City conducted a search and produced responsive documents from ERPS regarding the inventory of a photo array. See bates RFC-Abrego 008427-8455, which were produced on August 29, 2024.**

<u>Interrogatories:</u>
Interrogatory No. 10 – The City disclosed that it cannot identify when each document in the police files became part of the file. The City can provide a responsive identifying which pages comprise the current file. The City will provide a response that reflects the City's knowledge as to each subpart listed in Interrogatory No. 10.
Plaintiff's Interrogatory No. 10 states, "Please identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. D-166198 and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date of Plaintiff's exoneration in July 2022; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction; and (h) every Gang Crime file associated with the Garcia Murder Investigation, including but not limited to investigative files, street files, and area files."

**City's Response: The City previously communicated its objections to Interrogatory No. 10 in its Answer to Plaintiff's First Set of Interrogatories. Defendant City objected on the basis that this interrogatory is vague, ambiguous, and overly broad as to the phrase "relating to the Garcia Murder Investigation or RD No. D-166198," "associated with the file," "Gang Crime File," (not defined by Plaintiff), and "street files" (not defined by Plaintiff). The City further objected that this interrogatory was not limited in time and scope and is thus not proportional to the needs of this case. Defendant City also objected that this interrogatory is unduly burdensome as it includes eight separate and discrete subparts (and multiple subparts with the subparts) because it references "every document" set out as one interrogatory in violation of Federal Rule of Civil Procedure 33. Further, this interrogatory**

Renee Spence
January 14, 2025
Page 4

is unduly burdensome and overly broad because thousands of documents have been produced in both criminal and civil litigations related to the Garcia murder, and this interrogatory is unduly burdensome by requesting the City to sort through those thousands of pages of documents to identify every single piece of paper that exists and determine when it was created and produced, by whom it was prepared, and by whom it was produced to. Finally, Defendant City objected to this interrogatory as it seeks information that may be within the knowledge of other parties or non-party individuals and not the City of Chicago, and that this is a premature contention interrogatory.

Subject to and without waiving the foregoing objections, Defendant City states that it has produced the RD file related to RD No. D-166198, see bates RFC-Abrego 000001-52; it has produced the investigative file related to RD No. D-166198, see bates RFC-Abrego 000053-325; it has produced the forensic files related to RD No. D-166198, see bates RFC-Abrego 000329-331; it has produced photos related to RD No. D-166198, see bates RFC-Abrego 000332-399; it has produced ERPS documents related to RD No. D-166198, see bates RFC-Abrego 0008427-8455; it has produced OEMC documents related to RD No. D-166198, see bates RFC-Abrego 008472; and it has produced polygraph documents related to RD No. D-166198, see bates RFC-Abrego 008498-8522.

The City further objects as this requests detailed information, including but not limited to,

(a) "every Document that was associated with the file as of the date of Plaintiff's arrest",

(b) "every Document that was associated with the file as of the date of Plaintiff's criminal trial",

(c) "every Document that was associated with the file as of the date of Plaintiff's exoneration in July 2022",

(d) "every Document that is associated with the file as of today's date",

(e) "every Document that was associated with the file at any time in the past but which is no longer in the file",

(f) "every Document that was provided to state prosecutors before Plaintiff's criminal conviction" which not only seeks information regarding the file itself but each and every single piece of paper contained within the file that is comprised of multiple documents prepared by multiple individuals that not only include Chicago Police Department personnel but also personnel employed by entities such as the Cook County State's Attorney's Office and the Cook County Medical Examiner's Office,

(g) "every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction" which not only seeks information regarding the file itself but

**each and every single piece of paper contained within the file that is comprised of multiple documents prepared by multiple individuals that not only include Chicago Police Department personnel but also personnel employed by entities such as the Cook County State's Attorney's Office, the Cook County Medical Examiner's Office, the Cook County Public Defender's Office, and private criminal defense attorneys,**

(h) **"every Gang Crime file associated with the Garcia murder investigation, including but not limited to investigative files, street files, and area files" which presupposes that any such files exist.**

**Further, the City's ability to ascertain that information requested in subparts (a) through (h), at this point, is next to impossible given the fact that the Garcia Murder occurred 25-years ago, with the exception of the information apparent on the face of the documents. To the extent that Plaintiff does not find this response sufficient, regardless of his insistence on this exercise in futility, the parties can meet and further confer pursuant to Rule 37.**

Interrogatory No. 11 – The City agreed to provide a response to this interrogatory.
Plaintiff's Interrogatory No. 11 states, "Please identify every location within the City of Chicago or the Chicago Police Department where any Document relating to the Garcia Murder Investigation or RD No. D-166198 has even been maintained or stored, including Gang Crime files. Please identify by Bates Number or otherwise describe the Documents that were maintained or stored in each location, the period of time during which they were maintained or stored in each location, each Person who had access to the Documents in each location, and where the Documents were moved after being in each location. This request encompasses the period of time from the creation of each Document through the present.

**City's Response: The City previously communicated its objections to Interrogatory No. 11 in its response to Plaintiff's First Set of Interrogatories. Specifically, "Defendant City objects to this interrogatory as it is overly broad, unduly burdensome, and not limited in time and scope, and thus not proportional to the needs of this case as it requests detailed information regarding 'every location within the City of Chicago or Chicago Police Department where any Document relating to the Garcia Murder Investigation or RD No. D-166198 has ever been' for a thirty-four-year time period. Defendant City further objects on the grounds that it is vague and ambiguous as to 'every location,' 'maintained or stored,' 'access,' as well as 'Gang Crime files' (term not defined by Plaintiff). Finally, Defendant City objects to this interrogatory as it seeks information that may be within the knowledge of other parties or non-party individuals and not the City of Chicago. Subject to and without waiving these objections, Defendant City states that the information requested is currently unknown because discovery is in its early stages. Investigation continues."**

**Further, the City's ability to ascertain that information, at this point, is next to impossible with the exception of the information apparent on the face of the documents. Additionally, subject to and without waiving its foregoing objection as it relates to Plaintiff's lack in**

defining the term "Gang Crime files", the City states that it has not discovered any specific "Gang Crime files" as it relates to the Garcia Murder Investigation. To the extent that Plaintiff does not find this response sufficient, regardless of his insistence on this exercise in futility, the parties can meet and further confer pursuant to Rule 37.

Interrogatory No. 14 – The City needed additional time to consider Plaintiff's proposal to withdraw subtopics (j) and (i). The City believes this interrogatory to constitute *Monell* discovery but the City will review the interrogatory to determine if it can provide a partial response and/or identify responsive documents.

**City's Response: The City previously communicated its objections to Interrogatory No. 14 in its response to Plaintiff's First Set of Interrogatories. It specifically stated, "Defendant City objects to this interrogatory as the following terms/phrases are vague, ambiguous, and overly broad, and not reasonably limited in time or scope and therefore not proportional to the needs of the case; "Do you contend," "documentation and preservation," "information learned," "use, creation, contents of, storage, location, movement, and preservation," "official files, unit files, street files, running files, and clipboard files" (not defined by Plaintiff), "use and conduct of, documentation of, and supervision," "show-ups, live/in person line-ups, photographic lineups/arrays, clothing line-ups, and single photo identification procedures" (not defined by Plaintiff), "gangbooks," "confidential informants, anonymous calls, and confidential street sources," "method and manner," and "evaluations." The City also objects on the grounds that the interrogatory calls for a legal conclusion, contains improper admonishment that is inconsistent with the Federal Rules of Civil Procedure, seeks information subject to the work product or attorney-client privilege, is a premature contention interrogatory, and contains fifteen separate and discrete subparts (and multiple subparts with the subparts) in violation of Federal Rule of Civil Procedure 33. Finally, to the extent this request is directed at Plaintiff's *Monell* claim, Defendant City objects to this interrogatory on the grounds it is premature given the Court ordered *Monell* discovery to be staggered. The City requests a Rule 37 conference to discuss the time and scope of this interrogatory. Investigation continues."**

**The City renews its objections based on the fact that most, if not all, of the information requested in Interrogatory No. 14 relates to *Monell* discovery. Further, the City's ability to ascertain that information, at this point, is next to impossible with the exception of the information apparent on the face of the documents. To the extent that Plaintiff does not find this response sufficient, regardless of his insistence on this exercise in futility, the parties can meet and further confer pursuant to Rule 37.**

**Personnel Files**
Plaintiff asked the City to confirm that it has produced each Defendants' personnel file.

**The City states to see all Defendant Officers' personnel files bates RFC-Abrego 008539-9442.**

Renee Spence<br>
January 14, 2025<br>
Page 7

**ESI**
Plaintiff and the City agreed to defer to ESI discussions to the global *Guevara* conference on this topic.

**The City agrees that this was discussed and accurately represents the conversations.**

**Deposition Dates**
The Parties confirmed their availability for the deposition of Juan Pacheco on Saturday, 2/22/2025 via Zoom.

                                              Best regards,

                                              Kelly A. Krauchun