**Exhibit K**

LAW OFFICES
# ROCK FUSCO & CONNELLY, LLC

THERESA BEROUSEK CARNEY
DIRECT: 312-970-3472

333 WEST WACKER DRIVE
19TH FLOOR
CHICAGO, ILLINOIS 60606
(312) 494-1000
FAX (312) 494-1001
WWW.RFCLAW.COM

EMAIL:
TCARNEY@RFCLAW.COM

May 21, 2025

**VIA ELECTRONIC MAIL**
Renee Spence
Madison Irene
Loevy & Loevy
311 North Aberdeen Street
Chicago, Illinois 60607

  Re: *Abrego v. Guevara, et. Al.,* Response to May 15, 2025 37.2 Conference and Follow Up Correspondence

Counsel:

Thank you for taking the time to work through the most recent correspondence related to discovery in this matter. Please find the City's responses to the summary below. In addition, with this response the City is making another supplemental production and has provided the agreed upon verification related to the City's search for police related documents.

As for the specific issues discussed that are outstanding, please see our response and follow up below:

- Rule 30(b)(6) - Topic 14, 15, and 17 do not implicate the timeframe concerns raised by Topics 1-13. Plaintiff is asking the City to answer the question of whether there were changes to Topics 1-13 in 1999 and 2000. In previous meet and confers, the City represented it was investigating this question. This information is also relevant to *Gecht/Kwil*.

**CITY'S RESPONSE:** *The City appreciates the clarification as it relates to what Plaintiff is looking for as it relates to the 30(b)(6) issues. With this correspondence, the City has produced the list of Department Directives that was issued on January 13, 1999, at RFC-Abrego 009478-009501, and has asked Plaintiff to identify which specific policies he is interested in. Once we have that list and are able to provide copies of those, the City will be able to be further investigate whether or not there were "changes" to those policies as requested. Please let me know if you would like to confer further on this issue.*

Loevy & Loevy<br>
May 21, 2025<br>
Page 2

- Interrogatory No. 10 - The City agreed to provide a sworn response to this interrogatory. The City proposed providing a sworn response by June 30, the deadline the parties agreed to for supplementation of answers to contention interrogatories. Plaintiff accepts this proposal contingent on the City agreeing that it will respond to any follow-up discovery based on the supplementation within three weeks. Plaintiff offers this counter proposal to ensure that he has sufficient time to conduct follow-up discovery before the close of fact discovery. Plaintiff's agreement to the June 30 proposal is also contingent on the City certifying that the entire investigative file has been produced by May 23, 2025 (the City's self-imposed deadline).

**CITY'S RESPONSE:** *As discussed during our May 15, 2025, conference, the City provided a response to Interrogatory No. 10 in its January 14, 2025, correspondence. What remains outstanding is the formality of supplementing the City's interrogatory responses, with that information, and providing a verification, which the City has agreed to do in conjunction with the Parties previous agreement to supplement answers to contention interrogatories. Accordingly, to the extent there is follow-up discovery based upon the City's Response to Interrogatory No. 10, there is no reason Plaintiff cannot issue it now. As such, the City does not agree to respond to Plaintiff's unidentified and currently unissued follow up discovery within three weeks.*

- Interrogatory No. 11 - Plaintiff asked the City to confirm that it would provide a sworn answer that reflects the information provided in its January 14, 2025 letter. Specifically, the answer should include information describing the extent of the City's knowledge regarding the location and storage of "Documents relating to the Garcia Murder Investigation or RD No. -166198" between 1999 and present day, and specifically identify by Bates stamp any documents the City is relying on to determine where the investigative file has been stored.

**CITY'S RESPONSE:** *The City appreciates Plaintiff's clarification as to what remains outstanding as it relates to this Interrogatory. The City will supplement to the extent that it can based on those conversations by the Parties agreed date of June 30, 2025 and will provide the appropriate verifications to same.*

- Interrogatory No. 14 - Plaintiff contends that the City previously agreed to provide policies for all topics except (i) and (j), which Plaintiff agreed to defer until *Monell* discovery began. The City is conferring with the team about this agreement. As for training programs, in the March 21, 2025 conference, the City stated that it had difficulty identifying which training programs existed at specific times. At the conference the City stated it did not have training materials from 1997, although it found materials from the 1980s and 1990s but because some documents do not have dates on them, the City doesn't know what training a specific Defendant received. Plaintiff's position is: if the City is going to contend that

Loevy & Loevy
May 21, 2025
Page 3

Defendants were trained or had access to training on the topics listed in Int. No. 14, then the City must produce the documents it plans to rely on. The City needed time to confer with its team and agreed to provide its position.

**CITY'S RESPONSE:** *As we have done in past cases, the City is producing the list of Department Directives that was issued on January 13, 1999, at RFC-Abrego 009478-009501. The City would ask that Plaintiff review index and let us know which policies Plaintiff would like produced. This will also aid our investigation into point number one above regarding the changes in policies. Please let me know if you would like to discuss this process further.*

- Documents relating to overtime requests, the Area 5 Mission Team, and Beat Officers who participated in the Garcia Murder Investigation - the City stated it is investigating to determine if responsive documents exist and will produce responsive documents. Plaintiff expressed a concern about running out of time to obtain, use, and follow up on the information and stated he needed to file a motion to preserve his ability to get and use the information. The City asked for an additional week to provide an update about this discovery request. Plaintiff agrees to hold off on filing his motion until May 23.

**CITY'S RESPONSE:** *The City is still investigating whether there are responsive documents related to these requests. We have followed up with the client and will provide a response as soon as possible.*

- Documents related to third parties - The City has asked for a week to figure out if the individuals listed on the City's March 20 letter have criminal histories and to determine the burden of responding to Plaintiff's request. Plaintiff agrees to a week extension but does not agree to the limited list in the March 20 email. The individuals who were identified by Defendants and other police officers as having knowledge about the Garcia Murder are relevant even if they are not going to be called at trial. What the officers knew at the time of the investigation is relevant to multiple claims. Plaintiffs proposed narrowed timeframe (1997-2001) for arrest records should address the City's concern about burden. Per yesterday's agreement, I am attaching the line-up reports from the City's production of the investigative file. Please conduct the search for all the individuals listed in Plaintiff's February 20 letter.

**CITY'S RESPONSE:** *As the City has articulated multiple times now, the agreement between our firms as it relates to this type of discovery has always been that the City agrees to provide the criminal histories of certain individuals identified by Plaintiff and Plaintiff then reviews those and makes specific requests for specific arrests. Once again, Plaintiff seeks to change course in this litigation for unspecified reasons. It is the City's position that Plaintiff's proposal to provide arrest reports by an arbitrary time frame is unnecessarily burdensome, not proportional to the needs of the case and not likely to lead to relevant evidence. Plaintiff's various requests for criminal*

histories and IR jackets now includes 38 different individuals, many of which have lengthy criminal histories. Please explain why Plaintiff believes that an arbitrary time frame for arrests is the appropriate way to go about this discovery rather than requesting specific arrests which Plaintiff believes may be relevant.

As for the specific witnesses identified by Plaintiff, please see the below responses:

1. Julio Lugo: *Criminal History previously produced at RFC-Abrego 008413-008419.*
2. Elizabeth Montalvo: *Defendants are still investigating.*
3. Darryl Hawkins: *Criminal History previously produced at RFC-Abrego 008523-8528.*
4. Nicasio Santiago: *Criminal History previously produced at RFC-Abrego 008406-8412.*
5. Carmen Garcia: *Defendants are still investigating.*
6. Isidro Quinones: *Criminal History previously produced at RFC-Abrego 008423-8426.*
7. Ramon Torres: *Criminal History previously produced at RFC-Abrego 008529-8538.*
8. Frederico Marero: *Criminal History previously produced at RFC-Abrego 008420-8422.*
9. Antonio Vasquz: *RFC-Abrego 009533-9537.*
10. Juan Parra: *Criminal history previously produced at RFC-Abrego 008399-8405.*
11. Maria Arreola: *Defendants are still investigating.*
12. Adid Khauis: *Defendants are still investigating.*
13. Julia Haskis: *No criminal history found at this time based on the identifiers available.*
14. Alex Gonzalez: *No criminal history found at this time based on the identifiers available.*
15. Juan Diaz: *No criminal history found at this time based on the identifiers available.*
16. Juan Avalos: *No criminal history found at this time based on the identifiers available.*
17. Jose Pacheco: *RFC-Abrego 009456, RFC-Abrego 009465-009466.*
18. Agustina Souello: *No criminal history found at this time based on the identifiers available.*
19. Juan M. Parra Sr.: *No criminal history found at this time based on the identifiers available.*
20. Martha Parra: *RFC-Abrego 009457, RFC-Abrego 009463-009464.*
21. Armando Rentas: *RFC-Abrego 009467-009477.*
22. Miriam Rentas: *No criminal history found at this time based on the identifiers available.*
23. Martha Mora: *Defendants are still investigating.*
24. Debra Daniels: *No criminal history found at this time based on the identifiers available.*
25. David Daniels: *No criminal history found at this time based on the identifiers available.*
26. Gilberto Daniels: *RFC-Abrego 00944-009446, RFC-Abrego 009459-009461.*
27. Alex Guzman: *Defendants are still investigating.*
28. Frances Cain: *No criminal history found at this time based on the identifiers available.*
29. Awilda Garcia: *Defendants are still investigating.*
30. Albert Antuna: *Defendants are investigating.*
31. Angelo Martinez: *Defendants are investigating.*
32. Jose Garcia: *Defendants are investigating.*
33. Manuel Carmona : *Defendants are investigating.*
34. Ruben DeLuna: *Defendants are investigating.*
35. Salvador Alvarez: *Defendants are investigating.*

36. <u>Roger Somarreba:</u> *Defendants are investigating.*
37. <u>Ramiro Alvarez</u> *Defendants are investigating.*
38. <u>Norberto Guzman:</u> *RFC-Abrego 009447-009455 and RFC- Abrego 009458.*

To the extent Plaintiff has additional identifies which will aid in the City's search for records, please provide it. The City can be available for additional conferrals next week.

Sincerely,

Theresa Berousek Carney