Case: 1:23-cv-01740 Document #: 242-12 Filed: 08/27/25 Page 1 of 3 PageID #:3405

**Exhibit L**

**LOEVY + LOEVY**                                                                                  Renee Spence <spence@loevy.com>

## Abrego - Follow Up on Rule 37.2 Conference (03.05.25, 03.10.25)

**Renee Spence** <spence@loevy.com>                                                      Tue, Mar 11, 2025 at 6:49 PM
To: Kelly Krauchun <kkrauchun@rfclaw.com>
Cc: Andrew Grill <agrill@rfclaw.com>, Austin Rahe <arahe@rfclaw.com>, "Catherine M. Barber" <cbarber@rfclaw.com>, "Eileen E. Rosen" <ERosen@rfclaw.com>, Jessica Zehner <jzehner@rfclaw.com>, Lauren Ferrise <lferrise@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Sabrina Scardamaglia <sscardamaglia@rfclaw.com>, Elva Lopez <elopez@rfclaw.com>, Kara Hutson <khutson@rfclaw.com>, Jim Sotos <JSotos@jsotoslaw.com>, "Josh M. Engquist" <JEngquist@jsotoslaw.com>, "Joseph M. Polick <jpolick@jsotoslaw.com> Maurice C. Hunt" <mhunt@jsotoslaw.com>, "Elizabeth R. Fleming" <efleming@jsotoslaw.com>, "Thomas J. Sotos" <tsotos@jsotoslaw.com>, "Elise A. Lindsley" <elindsley@jsotoslaw.com>, Katelyn Salek <ksalek@jsotoslaw.com>, "Lauren E. Muhr" <lmuhr@jsotoslaw.com>, "Rachael L. Hess" <rhess@jsotoslaw.com>, Tonet Ballard <tballard@jsotoslaw.com>, Valerie Stubbe <vstubbe@jsotoslaw.com>, "Katie A. Toolan" <ktoolan@jsotoslaw.com>, "Graham P. Miller" <gmiller@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, Molly Boekeloo <mboekeloo@borkanscahill.com>, Steven Borkan <sborkan@borkanscahill.com>, Tim Scahill <tscahill@borkanscahill.com>, Whitney Newton Hutchinson <whutchinson@borkanscahill.com>, Andrea Checkai <ACheckai@borkanscahill.com>, Emily Schnidt <eschnidt@borkanscahill.com>, Elena Favela <elena@borkanscahill.com>, Liana Favela <kmercado@borkanscahill.com>, Wendy Chasteen <wendy@borkanscahill.com>, Kellie Voss <kellie@kmlltdlaw.com>, Christiane Murray <cmurray@borkanscahill.com>, KELLI HUNTSMAN <kelli.huntsman@cookcountysao.org>, Ashley Cohen <ashley@bonjeanlaw.com>, Jennifer Bonjean <jennifer@bonjeanlaw.com>, Haley Coolbaugh <Haley@bonjeanlaw.com>, Gabriella Orozco <Gabriella@bonjeanlaw.com>, Sophia Moazed <Sophia@bonjeanlaw.com>, Steve Art <Steve@loevy.com>, Anand Swaminathan <anand@loevy.com>, Justin Hill <hill@loevy.com>, Madison Irene <irene@loevy.com>, Nkemjika Emenike <Emenike@loevy.com>, Marc Motter <motter@loevy.com>, Lily Dunkin <dunkin@loevy.com>

Hi Kelly,

Please let us know when the City is available to confer on Thursday about the City's interrogatories and the Rule 30(b)(6) topics regarding the use of polygraphs. I have also responded to your comments inline below.

**R. Spence**  (She/Her)

**LOEVY + LOEVY**

Office: (312) 243-5900
311 N Aberdeen St, Chicago, IL 60607
www.loevy.com

On Tue, Mar 11, 2025 at 6:36 PM Kelly Krauchun <kkrauchun@rfclaw.com> wrote:

> Spence,
>
> My comments to your summary of our Rule 37 conversations are in red below.
>
> **Remaining items to discuss with the City**: Plaintiff Abrego is available to confer tomorrow and Thursday, please let us know when the City is available.
>
> **Discovery Extension:** After our discussion, I checked the docket and believe Dkt. 121 clearly indicates that Jude Seeger intended to phase discovery. There is no language indicating that Monell discovery is stayed until the claims against the individual defendants have been adjudicated. As such, Plaintiff Abrego agrees that we need a fact discovery extension but believes that all fact discovery including Monell can be completed in 120 days. Plaintiff Abrego intends to rely on the same Monell evidence that has been previously produced in the Guevara cases. Plaintiff Abrego also intends

to rely on the same Monell expert opinions, based on the same evidence, and expects that the City will be disclosing the same rebuttal expert opinions. Since there is little to no Monell discovery to be completed and the parties are wrapping up non-Monell discovery, there is no reason why the Monell phase cannot proceed simultaneously. It is the City's position that Monell discovery has been bifurcated in this matter per Dkt. 121, wherein it specifically states, "The Court hereby bifurcates discovery. The Court will set deadlines for Monell discovery and expert discovery as necessary at a later time." The City communicated this during the Rule 37 conference yesterday and its position that any fact discovery extension the parties currently seek does not include Monell based on the Court's order. Given that reiteration, what is your proposal on an extension for the fact discovery deadline that currently exists and is set for 4/2/2025? Plaintiff Abrego's position remains the same. All fact discovery should be completed in 120 days. Plaintiff Abrego also intends to ask the Court to order Monell discovery to be completed during this timeframe.

**Outstanding depositions**:

- Officer Burke - The City offered the following dates for his deposition: 4/11, 4/15, 4/16. Plaintiffs are available on April 11.
- Anthony Wojcik - Maurice agreed to confirm a date. Please provide proposed dates by March 14.
- Daniel Engel - Plaintiffs are available on May 2.
- Jeremiah Cain - Cain to provide dates.
- Officer Troche - Sotos will be presenting him and will check to see if he can appear on the noticed date, March 31.
- T. Jaks - Defs will let Plaintiffs know by March 14 if they will be stipulating to her testimony or if they will be producing her for deposition.
- Officer Derrick Smith - The City provided the last known address.
- Robert Tovar - The City stated this deposition will not go on March 19. The City believes Mr. Tovar suffers from health issues but Plaintiff Abrego is still seeking his deposition. The City will need to attend Tovar's deposition in person (Indianapolis), Defendants agreed to propose dates. Please provide dates by March 14.
- Eduardo Rios - The City is in touch with him. Defendants will let Plaintiff know if they will stipulate to his testimony. Please do so by March 14.
- Jennifer DeLucia - Plaintiffs are available on April 15.
- Nancy Nazarian - Plaintiffs will go first on this deposition
- Fred Marrero - Mr. Marrero is available every other Thursday. This deposition will take place in person in Orlando. Plaintiffs are available any Thursday in April except the 17th.
- Def. Schalk - Plaintiffs are available on April 8-11.

**Third Party Cops:** Defendants will supplement their interrogatory responses and/or identify which third party officers they are withdrawing by March 14. Defendants are reviewing the joint disclosures and removing parties and will send over updated disclosures. While not explicitly discussed during our meeting, we'd ask Plaintiffs do the same. This will help determine a timeframe for a fact discovery extension, and we can appropriately advise the Court too regarding depositions that still need to be taken. Plainiff Abrego will do so but will not be able to provide this information by Friday. Plaintiff can provide this information by March 21.

**Contention interrogatories:** The parties agree to supplement their contention interrogatories 30 days before the close of discovery.

**Third Party Documents:** The City agreed to produce criminal histories, IR jackets, and photographs for all third party individuals listed in Plaintiffs' letter. The City will also produce the arrest reports for arrests occurring near the time of the Garcia murder investigation for all of the fillers for any persons used in a lineup procedure in the Garcia murder investigation, as well as their IR jackets and photos.

Plaintiff Abrego agreed to review the criminal histories that have been produced and apprise the City of arrest information Plaintiff Abrego deemed relevant. Plaintiff is withdrawing that agreement and instead requests arrest records for all listed third party individuals (including fillers) from 1997-2001. This was very specifically discussed and communicated that it is always the City's position that it will provide the criminal histories and IR jackets for identified witnesses (in this case, the list provided in your 2/20/2025 correspondence in Section IV). Upon Plaintiff's receipt of those criminal histories, Plaintiff then identifies which arrest reports he believes are relevant and provides the City with a list of the same. The City has never produced *every arrest report for every individual Plaintiff requests*. Additionally, if it is now Plaintiff's position that he seeks criminal histories and IR jackets for the lineup fillers, please provide the City with that list of individuals. The City has the same (or greater, considering the missing documents in the investigative file) access to documents identifiying who was used in the lineup procedures during the Garcia murder

investigation. The City can identify these fillers and provide the IR jackets, arrest reports for near the time of the Garcia murder investigation (i.e. near the time they appeared in the lineup), and photographs in its possession for the fillers. It is unclear why the City is requiring Plaintiff to identify the fillers. As for arrest forms for the other identified third party individuals, Plaintiff is requesting that the search is limited by timeframe. To the extent each person's arrest is not completely reflected on their criminal history, Plaintiff believes that a search based on timeframe is sufficient to identity all relevant documents.

[Quoted text hidden]